Babcock v. Harris.

BABCOCK v. HARRIS.

Tender: EFFECT OF PLEA. A plea of tender admits that the amount tendered is due, and the plaintiff should have judgment therefor. Following *Phelps* v. *Kathron*, 30 Iowa, 231.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION to recover attorney's fees. There was a verdict and judgment for plaintiff. Defendant appeals.

*Sapp, Lyman & Hanna* for the appellant.

*Clinton, Hart & Brewer* for the appellee.

BECK, Ch. J.— I. Besides a general denial of indebtedness in the answer, the defendant pleaded a tender of $5, and by an amended answer, filed before trial, avers that the amount tendered is brought into court. The original answer also sets up a cross claim of $15.

At the trial, defendant asked the court to instruct the jury that the pleadings do not show a tender nor contain an admis-

sion of indebtedness on the part of defendant. This request was refused, and the court directed the jury that defendant pleads a tender, which operates as an admission of indebtedness, in the amount of the sum tendered, and that plaintiff is entitled to a verdict for the amount which should be found due him, which cannot be less than $5, the amount of the tender. The rulings upon the instructions refused were excepted to, and are made the grounds of objection here. The rulings upon the instructions given were not excepted to in the court below, and no question arises upon them.

The answer of defendant in averring the tender of $5, and that he brings the money into court to keep the tender good, in form and substance, is a good plea setting up the tender. This will not admit of debate. The instruction asked by defendant was, therefore, properly refused.

The rule announced by the instruction given to the jury is correct. *Phelps* v. *Kathorn*, 30 Iowa, 231.

II. It is urged that the verdict is not supported by the evidence. While we may be satisfied that it is not in accord with the preponderance of the proof, we are unable to say that it is so in conflict therewith as to authorize the conclusion that the jury were not guided, in finding it, by an honest and intelligent discharge of the duties imposed upon them by law. We cannot, therefore, disturb the judgment.

Affirmed.