THOMAS MURRAY, PLAINTIFF IN ERROR, v. DENNIS CUNNINGHAM, DEFENDANT IN ERROR.

10  167
23  591
10  167
28  590

1. **Evidence:** BOOK ACCOUNT. One C., a blacksmith, was in the habit of keeping his accounts for blacksmithing in small books (pass books, apparently), and when a book was filled, carrying the unsettled accounts forward into a new book, the old one being destroyed. *Held*, in an action on an account thus kept, that he could refresh his memory from these secondary books, and his testimony that the several items of account were correct as charged, although he could not remember the *dates* of the several items without referring to the account, was properly received.

2. **Tender.** A plea of tender and payment of a specified sum into court is an admission that the sum tendered is due the plaintiff. It differs in that regard from an offer to permit judgment to be taken for a specified sum, as provided by section 1004 of the code.

ERROR to the district court of Douglas county. Tried below before SAVAGE, J.

*Charles H. Brown and E. Estabrook*, for plaintiff in error.

*N. J. Burnham*, for defendant in error.

MAXWELL, CH. J.

A rehearing was granted in this case on the application of the plaintiff in error, and the entire record has been carefully re-examined. To the plaintiff's account, the items of which are set out in detail, amounting in the aggregate to the sum of $37.45, the defendant pleads—*first*, a general denial; *second*, that the plaintiff is indebted to him in the sum of $17.79, with interest from January 1, 1875; *third*, that prior to the commencement of the suit he tendered to the defendant the sum of $18, and has kept said tender good by depositing the money in court. The items of defendant's account are as follows:

1874.    D. Cunningham to Thomas Murray, Dr.:

| | | | |
|---|---|---|---|
| March 17. | To lumber, | $2 | 50 |
| May 11. | " use of jackscrew, | | 80 |
| " 14. | " " balance scales, | | 75 |
| July 31. | " lumber, | 1 | 74 |
| Nov. 27. | " woodrack, | 1 | 50 |
| 1875. | | | |
| March 1. | " halter, | 1 | 50 |
| " 13. | " lumber, | | 49 |
| " " | " nails and saw ($25c., $1.00), | 1 | 25 |
| April 9. | " wall paper, | 3 | 89 |
| " 16. | " tea, | | 57 |
| Nov. 10. | " sash, | | 65 |
| Dec. 18. | " tea, | | 26 |
| Dec. 11. | " 50⅜x2½ bolts, | 1 | 25 |
| 1876. | " scissors and looking-glass, | | 70 |
| | | $17 | 79 |
| 1875. | | | |
| Dec. 11. | 1 book, | | 90 |
| | | $18 | 69 |

The plaintiffs object that Cunningham was permitted to testify from a copy of his original books of entry, under the objection of the plaintiff in error. It appears from the bill of exceptions that Cunningham entered his account in small books (pass books, apparently), and kept no ledger; and on opening a new book, he carried the unsettled accounts on the old forward into the new, and that the books in which the original entries were made were lost or destroyed. The books themselves were not introduced in evidence, but the witness, after referring to them, was permitted to testify from memory as to the correctness of his account. This is the principal error relied on.

Greenleaf thus states the rule : " Though a witness can testify only to such facts as are within his knowledge and recollection yet he is permitted to refresh and assist his memory by the use of a written instrument, memorandum, or entry in a book, and may be compelled to do so if the writing is present in court. It does not seem to be necessary that the writing should have been made by the witness himself, provided, after inspecting it, he can speak to the facts from his own recollection." 1 Greenleaf Ev., sec. 436.

The fact that books of original entries have been lost or destroyed is, ordinarily, a suspicious circumstance, proper to be submitted to the jury. And in this case, had the defendant in the court below denied in his testimony the several items of account, or any of them, it may be questionable if the proof offered by the plaintiff below, as to those items, would have been sufficient to have convinced the jury of the correctness of the account. It would then have raised a question of veracity between the parties. Cunningham swears positively, after examining the account books, to the several items therein charged, but says he can recollect the *dates* only from the books. As

the action was commenced long before the statute of limitations had run, the dates do not appear to be material. A witness, ordinarily, must testify to facts which are within his own knowledge; yet, if he has any recollection at all of the facts, he may express it as it lies in his memory—the jury to give such weight to his testimony as they may deem it entitled to. 1 Greenleaf Ev., sec. 440. The several items of account are not denied by the defendant in the court below, in his testimony. He objects to the *price*, and claims that the charges are too high, and the testimony introduced by him is directed almost entirely to this point. But this question was properly submitted to the jury, and no objections are now made on that ground.

The third defense of the answer is that the defendant in the court below tendered the plaintiff the sum of $18 before the commencement of the suit. An answer averring tender, and that the money is brought into court, operates as an admission that the sum tendered is due the plaintiff. *Cox v. Brain*, 3 Taunt., 95. *Huntington v. American Bank*, 6 Pick., 340. *Babcock v. Harris*, 37 Iowa, 409. *Huntington v. Zeigler*, 2 O. S., 10. It does not bar the debt as a payment would, but rather establishes the defendant's liability; but when valid and sufficient in amount, it puts a stop to interest and costs.

The plea of tender in the answer is very different in its character from the offer of a defendant to allow judgment to be taken against him for a specified sum, with the costs then accrued, as provided in section 1004 of the code. [Gen. Stat., 685.] In such case the offer and failure to accept it cannot be given in evidence to affect the recovery. But where a tender is made in an answer of a sum certain as then due, it is an admission by the defendant that that sum is then due and

ready to be paid on demand to the plaintiff. Taking this admission, then, with the defendant's set-off, and how stands the case ? The plaintiff in the court below swears that the lumber charged in defendant's bill at $2.50 was returned to Mr. Murray without being unloaded from the wagon; that he did not hire the jack-screw, but it was left at his shop by some one who was unable to get into Murray's store; and that he did not purchase the saw charged to him. These items amount to the sum of $4.30, and the verdict was for the sum of $23.52; so that, rejecting these items, which the jury would be warranted in doing from the evidence, there is an admission in the answer of nearly the entire sum claimed by the plaintiff. It is very clear that justice has been done; that in fact a judgment in favor of the plaintiff in error could not be sustained upon the evidence in the record.

The judgment of the district court is therefore affirmed, but the penalty of five per cent heretofore imposed by this court is remitted, the plaintiff in error having given a satisfactory excuse for his failure to prosecute the petition in error with diligence.

JUDGMENT ACCORDINGLY.