ANDREW E. SPENCER, PLAINTIFF IN ERROR, v. WILLIAM T. THISTLE, DEFENDANT IN ERROR.

1. **New Trial.** A new trial can only be granted after judgment for specific causes, which must be assigned in the motion therefor.

2. ————: LEAVE TO ANSWER: PRACTICE. When a defendant files a motion to set a judgment, rendered by default, aside, and for leave to answer, he must accompany his motion with his proposed answer duly verified.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Emil Schultz*, for plaintiff in error.

*Burr & Marshall*, for defendant in error.

MAXWELL, J.

. On the sixteenth day of March, 1882, the district court of Lancaster county confirmed the report of a referee and rendered judgment in favor of the plaintiff and against the defendant for the sum of $135.00. Two days thereafter the attorneys for the defendant filed a motion in said court, of which the following is a copy, omitting the formal portion:

"Now comes the defendant, by his attorneys, and upon the affidavits of J. A. Marshall and L. C. Burr, and upon all the pleadings, proceedings, and records herein, moves the court for an order vacating judgment herein and to set aside report of referee and vacate said reference and allow defendant to answer, and that said action stand for trial before a jury, and for such other further and different relief as to the court may seem just."

This motion was sustained and a new trial granted. The plaintiff brings the cause into this court by petition in error. It will be seen that no specific ground is assigned for setting aside the report and judgment.

Sec. 314 of the code provides that a new trial may be granted for any of the following causes affecting the substantial rights of such party:

*First.* Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court, or referee, or abuse of discretion by which the party was prevented from having a fair trial.

*Second.* Misconduct of the jury or prevailing party.

*Third.* Accident or surprise which ordinary prudence could not have guarded against.

*Fourth.* Excessive damages, appearing to have been given under the influence of passion or prejudice.

*Fifth.* Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon contract or for the injury or detention of property.

*Sixth.* That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law.

*Seventh.* Newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial.

*Eighth.* Error of law occurring at the trial and excepted to by the party making the application.

Sec. 602 provides in what cases a judgment may be vacated after the term at which it is rendered.

Sec. 606 provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action, etc.

A trial is a judicial examination of the issues in an action, and a judgment the final determination of the rights of the parties. When a trial has been had and the court has rendered judgment in the action such judgment is conclusive so far as the matters were in issue, unless afterwards it be set aside or modified. And the party applying for the new trial must set forth in his motion therefor the specific ground or grounds upon which he relies, so that if necessary issue may be taken upon the same. And the court has no authority without cause to set aside the report of a referee and judgment thereon.

The defendant appears to have been in default of an answer, and the court, without setting aside the default or without a copy of the proposed answer, set the judgment aside and granted a new trial with leave to the defendant

to answer.   In a number of cases this court has held that where a defendant has a defense to the action and this fact is made to appear to the court at any time before judgment, the court must permit the defense to be made upon such terms as to costs as may be just.   But where a party seeks to have a judgment against him set aside and for leave to answer, he must accompany his motion to set the judgment aside with his proposed answer duly verified, so that the court may see whether he has a defense to the action, and he must also state satisfactory reasons in excuse of his default.   If the answer fails to state a defense, the motion should be overruled.   There is nothing in this record tending to show that the defendant has any defense to the action.   The judgment of the district court granting a new trial is reversed at the costs of the defendant, and the judgment confirming the report of the referee and rendering judgment thereon is affirmed.

JUDGMENT ACCORDINGLY.