J. E. Cobbey and W. S. Summers, appellees, v. Indiana Knapp, C. C. Knapp, and George O. Richardson, appellants, and Jonathan Frantz, appellee.

1. **Pleading:** REPLY. A plaintiff, in replying to new matter set up in an answer, may allege any new matter, not inconsistent with the petition, constituting a defense to such allegations contained in the answer.

2. ————: ADMISSIONS IN PLEADING. C. and S. purchased certain real estate subject to an encumbrance thereon, which they agreed to pay. They afterwards tendered the money to the creditor, which he refused to accept, and brought their action to redeem, alleging and perpetuating their tender. *Held,* To be an admission of the debt, and that the sum so tendered was due.

3. **Homestead:** STATUTORY CONSTRUCTION. F., being a married man and the head of a family, conveyed certain real estate to a purchaser by an assignment of a contract of purchase. The land described in the contract was occupied by F. and his family as a homestead. The wife of F. signed the conveyance, and with F. acknowledged the same before an officer authorized to take acknowledgments of deeds. *Held, First,* That the instrument was executed and acknowledged by both husband and wife within the requirements of section 4, chapter 36, Compiled Statutes 1887. *Second,* That the provisions of said section are intended as and for a protection to the husband or wife not executing the conveyance, and not for the benefit of third parties having no privity of interest with such person.

4. **Warranty.** Evidence examined, and *Held,* Sufficient proof of a waiver of notice of a breach of warranty.

APPEAL from the district court of Gage county. Tried below before APPELGET, J.

*E. O. Kretsinger* and *Pemberton & Bush,* for appellants, cited : Thompson Homesteads, Secs. 342–4. *Magee v. Magee,* 51 Ill., 501. *Lassen v. Vance,* 8 Cal., 271. *Nichols v. Overacker,* 16 Kan., 54. *Fournier v. Fournier,* 45 Mich., 417. *Jacoby v. Crowe,* 30 N. W. R., 441.

*Smith v. Cremer,* 71 Ill., 185. *Fitzhugh v. Smith,* 62 Ill., 486. *Poole v. Gerrard,* 65 Am. Dec., 488. *Wells v. Lamb,* 19 Neb., 356. *Edgell v. Hagens,* 5 N. W. R., 138. *Wilson v. Christopherson,* 53 Iowa, 481. *Brown v. Russell,* 105 Ind., 46.

*J. E. Cobbey* and *W. S. Summers,* for appellees, cited: *Aultman Taylor Co. v. Jenkins,* 19 Neb., 209. *Goodrich v. Brown,* 63 Iowa, 247. *Moore v. Reaves,* 15 Kan., 150. *Stinson v. Richardson,* 44 Iowa, 373. *Amphlett v. Hubbard,* 29 Mich., 298. *Barnett v. Mendenhall,* 42 Iowa, 296. *Dye v. Mann,* 10 Mich., 291. *Morris v. Ward,* 5 Kan., 239. Bliss Code Pleading, Sec. 396. *Sandwich Mnfg. Co. v. Trindle,* 33 N. W. R., 79. *Vaughn v. Black,* 29 N. W. R., 523. 25 Cent. Law Journal, 125.

*Griggs & Rinaker,* for appellee, Frantz.

REESE, CH. J.

An amended petition was filed by plaintiff in the district court, alleging, in substance, that on the 27th day of April, 1885, and from that date to the 25th day of January, 1886, Jonathan Frantz was the legal owner of the south half of the north-west quarter of section sixteen, in township three north, of range eight east, and that he held the same under and by virtue of a contract of sale from the state of Nebraska, bearing date the same day; that said contract, by its terms, conveyed to him the land in fee simple, and contained a covenant that, upon the payment of the purchase price being made according to the terms thereof, the state would execute and deliver to him a deed or patent therefor; that at said time he also had a leasehold interest to the north half of the north half of the south-west quarter of the same section, said lease having been issued prior thereto, by the state, the land being a part of the common school land of the state; that said

land is contiguous and adjoining, and that the eighty acres mentioned in the contract of purchase, and the forty acres held by the lease, constituted all of the land owned by him; that he was a married man and the head of a family, and that he and his family lived upon, occupied, and cultivated it as their homestead; that the value thereof was less than $2,000; that on the 8th day of May, 1885, the said Frantz, at the request and solicitation of defendants, Charles C. Knapp and Indiana Knapp, to secure the sum of $350, with interest thereon at the rate of ten per cent per annum, from the 12th day of March, 1885, until the 12th day of March, 1886, the time of the maturity of said debt, pretended to assign unto the said Indiana Knapp the said contract of purchase; that the pretended assignment was executed by Jonathan Frantz alone, was intended as a mortgage to secure the payment of said notes and incumbrance upon the homestead, but was not executed or acknowledged by the wife of said Jonathan Frantz, and was, therefore, void; that on the 8th day of May, the defendants, Indiana Knapp and Charles C. Knapp, her husband, executed to Jonathan Frantz a bond, in which they bound themselves that the said Indiana Knapp would, upon the payment of the said sum of $350, with its interest, re-assign said contract to Jonathan Frantz; that said pretended assignment of the contracts to Knapp by Jonathan Frantz being void, the bond executed by the Knapps to Jonathan Frantz, to re-assign the same, was also void, being a part of the same transaction; that afterwards, on the 25th day of January, 1886, the said Jonathan Frantz and his wife, Catherine Frantz, for a valuable consideration paid by plaintiffs, and while residing upon and occupying the premises in dispute as a homestead, sold and transferred their right and title to the land, and to said contract of lease and bond, to plaintiffs, and that plaintiffs became and were the lawful owners and holders thereof, with full right to the possession of said

contracts, and to the possession of the real estate, and that they immediately took possession thereof and continued to hold the same; that on the 5th day of February, and at other times, the plaintiffs, acting for themselves, as well as for the defendant, Jonathan Frantz, and for the purpose of canceling the pretended claim of the Knapps, tendered to to the Knapps $385 in gold, that being the full amount claimed by them to be owing to them by Frantz, including principal and interest, upon the said alleged demand of $350, the same being a full compliance with the terms of the bond executed by the Knapps to Jonathan Frantz; that the Knapps had refused to receive the tender, and re-assign to plaintiffs, or to Frantz, the contract and lease referred to, and that the said tender had been kept good, the money being held for the said Knapps, in case they saw proper to accept the same; that afterwards, on the 18th day of March, and after the commencement of this action, there was filed in the office of the county clerk of Gage county, for record, an instrument in writing, purporting to be an assignment by defendants Knapps of all their interest in the said contract, to George O. Richardson, one of the defendants, which purported to have been executed on the 12th day of March, 1886, and after the alleged tender of the $385, but that said pretended assignment to Richardson was not made in good faith; that Richardson well knew that the said Knapps had no claim in or to the said land, or the said contract, and that the land was the homestead of Frantz; that the alleged pretended assign-ment was the result of an unlawful and illegal conspiracy and confederation between the Knapps and Richardson, and was with the intent and purpose of hindering and delaying the plaintiffs in the establishment of their rights, and for the purpose of defrauding plaintiffs out of the property, and was wholly without consideration, and with full knowledge of Richardson of all the rights of plaintiff and of the Frantzes to the property in question; that at

the time of the assignment by the said Knapps they had
no interest in the real estate, of which Richardson had full
knowledge, and that Richardson thereby acquired no.
rights. The prayer is for a specific performance of the
contract of assignment, as provided in the bond of the
Knapps, that the assignment from Frantz to the Knapps
be declared void, that Richardson be decreed to have ac-
quired no interest in the property, and that the title thereto
may be confirmed and quieted in the plaintiffs and for
general relief.

To this petition Richardson filed an answer for himself,
by which he admitted the existence of the contract, lease,.
and the assignment thereof by Frantz to the Knapps, and
the execution of the bond by the Knapps to Jonathan.
Frantz. It is alleged that, on the 6th of August, 1885,.
Jonathan Frantz and Catherine, his wife, for and in con-
sideration of $2,000, did sell, assign, and pledge to Richard-
son, as security for the said sum of $2,000, all their right,
title, and interest in and to said bond executed by the Knapps
to Jonathan Frantz, and in and to the said land, and that
Jonathan Frantz did assign and pledge to defendant Rich-
ardson, for the same purpose, the lands referred to in
plaintiff's petition; that Frantz and wife abandoned and
vacated all of said premises, and Richardson, in good faith,
paid to the state the money and interest due on the con-
tract and lease since his purchase of the same from Frantz,
and that the defendant, Richardson, paid to the Knapps
the sum of $385 in cash for an assignment of their right,
title, and interest in the contract, and that on the 12th day
of March, 1886, the Knapps assigned to him all their in-
terest therein; that the pretended assignment from the
Frantzes to plaintiffs was made without consideration, and
was an attempt upon the part of plaintiffs to defraud de-
fendant out of his just rights; that plaintiffs had no inter-
est in the land and contracts, and could not have until
the claim of Richardson for the said sum of money, $2,000,

owing to him by Frantz, and of the $385 paid for the assignment from the Knapps, was paid; that the assignment to him by the Frantzes was long prior to the pretended assignment to plaintiffs, and with both actual and constructive knowledge on the part of plaintffs of all the rights of Richardson under said assignment.

The allegations of the petition, not admitted by the answer, are denied. The prayer of this answer is, that the pretended lien or claim of plaintiffs may be declared fraudulent and void, or, if valid, that such lien or title be declared subsequent and subject to the right, title, and interest of defendant, and that plaintiff may be enjoined from interfering in any way with the land, or with defendant's rights, until defendant has been paid his said claim, and the mortgage created by the assignment be satisfied.

The answer of Indiana Knapp and Charles C. Knapp was, in substance, an admission of the allegations of the petition, wherein the ownership of the real estate was alleged by plaintiffs, and of the assignment by Jonathan Frantz of the contract, and of the tender by plaintiffs, to them, of the amount due them from Frantz. It is alleged that, subsequent to the assignment of the contract to them by defendant, Frantz, and the making of the bond, Frantz and his wife, by an assignment duly executed and acknowledged, transferred and conveyed their interest in the property to Richardson, and thereby divested themselves of all interest in the title to the same, and that, by reason of said sale and assignment, they became bound to the assignee of Frantz (Richardson) to assign the contract to him, Richardson, upon his compliance with the terms of the bond; that they were so notified by Richardson, long before they had any notice or knowledge that plaintiffs claimed any interest in the premises, and that on the 12th day of March, 1886, Richardson tendered them the amount due them, and demanded an assignment, and

that in pursuance of such tender and demand, they made the assignment to Richardson. They deny any fraud or collusion between them and Richardson, and substantially deny all the allegations of the petition in that behalf. That they refused to make the assignment to plaintiffs for the reason that Frantzes had previously assigned their bond to Richardson, and for their own protection they made the assignment to him in accordance therewith. By an amendment to this answer they say that the money obtained by Jonathan Frantz from them, and for the security of which he made the assignment of the contract, was for the express purpose of paying the purchase price of the land in controversy; and that the money so received was used for that purpose by Frantz, and that plaintiffs purchased the premises subject to such security.

An answer was also filed by Jonathan Frantz, in which all the allegations of the petition were admitted. It was alleged that the assignment by him to defendant Richardson of the bond executed by the Knapps, was made only for the purpose of securing certain notes, given by him to said Richardson, which fact was known to the Knapps prior to the conveyance made by them to Richardson, and that the said Knapps made the transfer to Richardson for the sole and only purpose of assisting Richardson in defrauding plaintiffs, who were the legal and only *bona fide* assignees of the plaintiff of the land in controversy.

For a third defense, it was alleged that defendant Frantz, about the 31st day of July, 1885, purchased from Richardson a certain threshing machine and a thirteen-horse power, straw-burner, traction engine, trucks, and stacker, giving notes of that date for the purchase price thereof, amounting to $1,930, due at various times from their date to December 1, 1888; that soon after the purchase of the machinery, for the purpose of securing the payment of the notes executed to Richardson, or to the Smith Implement Company of Kansas City, Missouri, for

which he was the agent, a chattel mortgage upon all the machinery purchased, also the written instrument described in the answer of Richardson, which, though absolute in its terms, was in fact a mortgage to secure the payment of the notes; that, at the time of the purchase of the machinery, Richardson warranted the same to be well made of good materials and would do as good work as similar articles of like manufacture, and would thresh all kinds of grain, especially flax, in a satisfactory and proper manner, and that the purchase was made upon the express warranty, on the part of Richardson, that the same would do as good work as similar articles, and would perform in a satisfactory and proper manner.

Upon motion of all the defendants, this answer, excepting the first paragraph, was stricken out.

This action of the court is complained of, but as the decision was in favor of plaintiffs, and as, in our view, the decree must be substantially affirmed, we need not discuss the propriety of the ruling of the district court upon this motion.

Plaintiffs filed a reply to the answer of Richardson, and to the amended answer of the Knapps, in which they allege that the consideration, and the transfer to Richardson by them, had entirely failed long prior to the purchase of the property by Frantz, and of which failure the Knapps had full knowledge at the time of their assignment to Richardson; that the instrument was signed only upon the condition that, on or about the 31st day of July, 1885, Frantz had conditionally purchased of Richardson the threshing machine referred to, and had executed the notes therefor, as well as the mortgage or assignment, upon the condition that they were to be returned to Frantz, in case the machinery failed to perform as warranted, and for that purpose they were left in the hands of Richardson's agent, to be retained, without delivery, until it was ascertained that the machinery would comply with the terms of the

warranty; that the machine failed in every respect to perform as warranted; that the consideration of the notes and assignment had failed, and that by the terms of the agreement they should have been returned to Frantz.

A motion was made by defendants to strike out all the reply, except the general denial contained therein, for the reason, "That it was irrelevant and redundant, and is an attempt on the part of plaintiffs to make a case in the reply, which they failed to make in their petition." This motion was overruled, to which ruling defendants excepted, and the ruling of the district court is now questioned and assigned for error.

In this ruling we think the court did not err. As we have seen, the action of plaintiffs was for the purpose of setting aside the assignment from Frantz to the Knapps, or rather to redeem from this assignment, but little if any reference being made to the transfer to Richardson by the Knapps, except that the same was made for the purpose of defrauding plaintiffs and complicating the title to the real estate so as to prevent their recovery. To this, defendant Richardson answered, setting up not only his claim to the real estate by virtue of the assignment from the Knapps, but further, that, prior to such assignment, the interest of Frantz, not only in the contract, but in the bond executed by the Knapps, had been transferred to him for the purpose of securing an alleged indebtedness of $2,000. And upon this allegation affirmative relief was demanded. While it would have been entirely proper, perhaps, for the defense to this answer to have been made by Frantz, yet, by the direction of the court, it was permitted to be made by plaintiffs. The allegations of the reply consisted of a statement of such facts as, if true, would constitute a defense to the demands of Richardson, and it was therefore proper for plaintiff to plead them by way of reply. The case was tried to the district court, which resulted in a decree for plaintiffs, based upon the following findings of fact:

" *First*, That the south half of the north-west quarter of section sixteen, town three north, range eight east, and the north half of the north half of the south-west quarter of section sixteen, town three north, range eight east, all in Gage county, Nebraska, was, from the 12th day of March, 1885, up to the 25th day of January, 1886, the homestead of Jonathan Frantz, who was then a married man and the head of a family, and a resident of the state of Nebraska; that said Jonathan Frantz, with his wife, Catherine Frantz, and their family, during all of said time resided upon and occupied the said land as a home; that said land was all the real estate or interest in real estate owned by Jonathan Frantz and Catherine Frantz, his wife, or either of them, during that time, and that said homestead was of a less value than two thousand dollars.

" *Second*, That the assignment from Jonathan Frantz to Indiana Knapp, of the school land contract No. 6890, made on the 8th day of May, 1885, and recorded in miscellaneous record ' G ' of the deed records of Gage county, at pages 170-1, was intended by the parties thereto as a mortgage, and was and is void and of no effect, and conveyed no title to, interest in, or lien upon the land therein described to said Indiana Knapp.

" *Third*, That the bond to re-assign, given by Indiana Knapp and Charles C. Knapp to Jonathan Frantz, on the 8th day of May, 1885, and recorded in miscellaneous record ' G ' of the deed records of Gage county, at page 168, created no lien, cloud, or incumbrance upon the title to the land therein described.

" *Fourth*, That the assignment from Indiana Knapp and Charles C. Knapp to George O. Richardson, of the said school land contract No. 6890, conveying the south half of the north-west quarter of section sixteen, town three north, range eight east, made on the 12th day of March, 1886, and recorded in miscellaneous record ' G ' of the deed records of Gage county, at page 436, was and is void and

of no effect, and that the same conveyed no title to, interest in, or lien upon said land to the said George O. Richardson.

"*Fifth*, That the assignment by Jonathan Frantz and Catherine Frantz to George O. Richardson, of the bond to re-assign, made by Indiana Knapp and Charles C. Knapp to said Jonathan Frantz, on the 6th day of August, 1885, and recorded in miscellaneous record 'G' of the deed records of Gage county, at page 245, was intended by the parties thereto as and for a mortgage, and was and is void and conveyed no interest in, title to, or lien upon the land described therein to said George O. Richardson.

"*Sixth*, That the assignment of the lease to the north half of the north half of the south-west quarter of section sixteen, in town three north, range eight east, made by Jonathan Frantz to George O. Richardson, on the 6th day of August, 1885, and which is recorded in miscellaneous record 'G' of the deed records of Gage county, at page 244, was intended by the parties thereto as a mortgage, and was and is void and conveyed no interest in, title to, or lien upon the land described therein to said George O. Richardson.

"*Seventh*, That the assignment of the school land contract No. 6890 for the south half of the north-west quarter of section sixteen, town three north, range eight east, made by Jonathan Frantz and Catherine Frantz, on the 25th day of January, 1886, to the plaintiffs, Joseph E. Cobbey and Williamson S. Summers, was and is a good and valid assignment, and conveyed to said plaintiffs all their right, title, and interest to the land therein described, free and clear of any and all claims of defendants or either of them.

"*Eighth*, That the assignment of the lease for the north half of the north half of the south-west quarter of section sixteen, town three north, range eight east, made by Jonathan Frantz and Catherine Frantz, on the 25th day of January, 1886, to the plaintiffs, Joseph E. Cobbey and Williamson S. Summers, was and is a good and valid

assignment, and conveyed to said plaintiffs all their right, title, and interest to the land therein described, free and clear of any and all claims of defendants or either of them.

"*Ninth,* That said plaintiffs took said assignments of the land in controversy from said Jonathan Frantz and Catherine Frantz, under an agreement to pay to said Indiana Knapp the sum of $350, with interest at 10 per cent per annum from the 12th day of March, 1886, borrowed by the said Jonathan Frantz from the said Charles C. Knapp. ·

"*Tenth,* The court further finds generally for the plaintiffs and against the defendants upon all the issues joined between the plaintiffs and defendants, Indiana Knapp, Charles C. Knapp, and George O. Richardson, and each of them."

From the decree rendered upon these findings, defendant Richardson appeals.

We have carefully examined all the evidence introduced upon the trial, and are fully satisfied with the findings of the district court upon the question of the *bona fides* of the purchase by plaintiffs, and as to the homestead character of the property at the time of the execution of the transfer to the Knapps; but do not believe that, in this case, under the issues, that transfer can be held to have been void.

It is insisted by plaintiffs that this is true, under the provisions of Sec. 4 of Chap. 36, Compiled Statutes of 1887, entitled "Homesteads," which provides that, "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed or acknowledged by both husband and wife;" while upon the part of defendant it is insisted that the assignment or mortgage was made for the purchase price of the real estate, and, under the rule stated by the authorities cited in his brief, it was not necessary that the wife should execute the mortgage.

It appears that, at and prior to the creation of the debt

to the Knapps, Frantz was living upon the land in question, under a lease from the state, and that he concluded to purchase the land, and for that purpose procured the money from the Knapps, who paid it to the representative of the state and not to Frantz. But we think that the question here presented does not necessarily arise, for the reason that plaintiffs recognized the validity of the mortgage to the Knapps in their purchase, and tendered to them the $385 necessary to meet the requirements of the bond given by the Knapps to Frantz, and this tender is pleaded in the petition.

In *Murray v. Cunningham*, 10 Neb., 167, the then chief justice, MAXWELL, in writing the opinion of the court, at page 170, says: "An answer averring tender, and that the money is brought into court, operates as an admission that the sum tendered is due the plaintiff," citing *Cox v. Brain*, 3 Taunt., 95; *Huntington v. Am. Bank*, 6 Pick., 340; *Babcock v. Harris*, 37 Iowa, 409; *Huntington v. Zeigler*, 2 O. S., 10. "It does not bar the debt as a payment would, but rather establishes defendant's liability; but when valid and sufficient in amount, it puts a stop to interest and costs. * * * That a tender made in an answer of a sum certain as then due, is an admission of the defendant that the sum is then due and ready to be paid on demand of the plaintiff."

The same rule must be applied to plaintiffs in this action. The decision of the district court, that the money so tendered should be paid into court for the use of the person entitled thereto, was correct, without reference to whether the mortgage or assignment executed to the Knapps was void or not.

It is claimed by defendants that the application of the rule sought to be enforced by plaintiffs, as to their assignment from Frantz and wife, will render such assignment void, for the reason that the instrument was not "executed and acknowledged" by both husband and wife, as required by

the section above referred to.  It is true that the assign-
ment is made in the first person, and, so far as the body of
the instrument is concerned, it appears to have been made
by Jonathan Frantz, but it is signed by his wife and ac-
knowledged by her before the proper officer, the certificate
of acknowledgment stating that she appeared with her
husband, and that they acknowledged the instrument to be
their voluntary act and deed.  This was, without doubt, a
sufficient execution and acknowledgment.  But were this
not true, we are unable to see how defendants can object
to such an assignment, when both Frantz and his wife are
entirely satisfied with it, and not only acquiesce in the
assignment, but by their answer admit its execution and
signify their willingness to have it enforced.

While it is true that the homestead cannot be conveyed
or encumbered unless the instrument is executed and
acknowledged by both husband and wife, yet we presume
this section is intended as a protection to the person not
signing the instrument, and that a third party could not
question the validity of a conveyance, when it is signed and
acknowledged by both, as against the interest of the persons
making the conveyance.

The next question presented by the record is as to the
assignment from Frantz and wife to Richardson.  This
assignment must depend upon the indebtedness of Frantz
to him.  If Frantz was not indebted to Richardson, then
it is clear that Richardson was entitled to no relief growing
out of the assignment made to him by them, but that as
assignee of Knapp he would be entitled to the amount of
money tendered by plaintiffs and deposited in court, to-
gether with the payments made to the state for the pur-
pose of protecting his security.  The question as to Frantz's
indebtedness to Richardson was generally one of fact.  A
number of witnesses were examined, some of whom testi-
fied as to the character or quality of the machinery pur-
chased by Frantz, and upon this part of the case there

was sufficient to justify the decree in favor of plaintiffs. But it is said that Frantz never complied with the terms of the written warranty which he received from Richardson, by his agent, Baker, at the time of his pur-.chase, and that by such failure he waived any rights thereunder. At the time of the purchase of the machinery, but before its delivery, Frantz signed an order to Richardson & Co., for the threshing machine and engine, and to which was appended a warranty. by Richardson & Co., as a condition thereof, that if the machinery or any of its parts failed to comply with the terms of the warranty, within ten days of first use, written notice should be given Richardson, at St. Joseph, Missouri, and to the agent through whom the machinery was purchased, and state wherein it failed to fill the warranty, and time, opportunity, and friendly assistance given to reach the machine and remedy the defects. If it could not be made to fill the warranty it should be returned by the purchaser to where received, and another furnished on the same terms of warranty, or the money and notes to the amount represented by the defective machine should be returned. That continued possession or use of the machine, after the expiration of the ten days, should be conclusive evidence that the warranty was fulfilled.

It is now insisted that Frantz, never having complied with these conditions, cannot now question his indebtedness to Richardson. This would be true, perhaps, were it not for the testimony of Frantz, his wife, and other witnesses to the fact that ample notice was in fact given to the agent of Richardson, and that an effort was made by such agent and others in the employ of Richardson to make the machine comply with the terms of the warranty. This was clearly a waiver of the notice on part of Richardson, and no further notice was necessary. *First National Bank v. Erickson*, 20 Neb., 580.

The fifth paragraph of the answer of defendant Rich-

ardson is as follows: "That said Frantz and wife did abandon, vacate, and leave all of said premises, and this defendant did, in good faith, pay to the state of Nebraska all money and interest due on said contracts since the purchase of the same from the said Frantz."

In the examination of the witness Kretsinger, the following occurs:

Q. State whether the defendant, George O. Richardson, has paid anything else on the school land contract to any other person or corporation since the assignment to him up to now?

Objected to as incompetent, immaterial, irrelevant, and not proper under the issues of this case. Sustained.

Counsel offers to prove by this witness that, since the assignment of the contract and lease of George O. Richardson, the defendant in this case, that he has paid $64.80 to the county treasurer of Gage county on the contract which is assigned to him, for the benefit of the state of Nebraska.

Objected to as above. Sustained. Defendant excepts.

It is contended by appellants that in this ruling the district court erred.

It is true, as contended by appellee, that affirmative relief was sought by defendant, so far as the allegations of the answer were concerned, but in this case plaintiff is the moving party. He has applied to a court of equity for relief, and seeks the specified performance of the contract entered into between Frantz and Knapp, in accordance with the terms of the bond. "He who asks equity must do equity," is not only a venerable maxim, but one which courts of equity will enforce. Knapp had a perfect right to protect his security by the payment of principal and interest as they became due. This right was transferred by him to Richardson. The motive prompting Richardson to procure the assignment of Knapp's interest in the contract need not be here inquired into. It was a legitimate contract, and one which he had the right to make.

By the assignment to him, he was subrogated to the rights of Knapp. The money paid, if any, inured to the benefit of Frantz, and through him to plaintiffs. Justice would demand that before plaintiffs could require a specific performance of the contract, they should, at least, pay such sums of money as were expended in good faith for the purpose of protecting the security, and which inured to their benefit. With this exception the judgment of the district court was correct. To that extent it must be modified.

The decree of the district court is reversed, and the cause remanded to that court with instructions to render a decree requiring plaintiffs to pay, not only $385, but the amount of money actually expended by defendant in the payments referred to, if any such payments were made, with the legal interest thereon, and that upon such payment the prayer of the petition be granted and a decree rendered accordingly.

JUDGMENT ACCORDINGLY.

THE other judges concur.