PHŒNIX INS. CO. OF BROOKLYN V. H. D. READINGER.

[FILED JANUARY 28, 1890.]

1. A motion to quash a bill of exceptions will be effective
   only where there there has been a neglect to comply with the
   statutory requirements in making up the bill, or other like cause,
   and cannot be predicated on the failure to file a motion for a new
   trial.

2. A motion for a new trial must be in writing, and must spec-
   ify causes therefor, which are sufficient in law to authorize the
   granting of the·same.   An oral motion, or one in writing, in
   which no cause or causes for a new trial are assigned, will not
   justify the granting of a new trial, nor will the overruling of
   such a motion be sufficient to present errors of law to either the
   trial or reviewing court.

3. A plea of tender in an answer is an admission that the amount
   tendered is due the plaintiff.

4. Review: CONFLICTING TESTIMONY.   There being a direct con-
   flict in the testimony, the matter was proper for the considera-
   tion and determination of a jury, and where the conflict is in
   oral testimony and involves the question of the credibility of
   the witnesses, the court ordinarily will not review such testi-
   mony.

ERROR to the district court for Cuming county. . Tried
below before NORRIS, J.

M. McLaughlin, and J. F. Losch, for plaintiff in error,
cited: 1 Lindley, Partnership, pp. 12, 14; Fromont v. Cup-
land, 2 Bing. [Eng.], 170; French v. Styring, 2 C. B. N.
S., 357.

Uriah Bruner, contra, cited: Midland P. R. Co. v. Mc-
Cartney, 1 Neb., 404; Mills v. Miller, 2 Id., 299; Crop-
sey v. Wiggenhorn, 3 Id., 108; Wells v. Preston, Id., 444;
Hollenbeck v. Tarkington, 14 Id., 430; Roggencamp v.
Dobbs, 15 Id., 620.

MAXWELL, J.

This action was brought in the county court of Cuming county, where judgment was rendered in favor of the defendant in error.

The case was taken on error to the district court of that county, and the judgment of the county court reversed, and the cause set down for trial, and a trial had, which resulted in a verdict and judgment in favor of the defendant in error for the sum of $46.92. A petition in error and transcript of the proceedings of the trial were filed in this court, and notice thereof duly given. The defendant in error now moves to quash the bill of exceptions because no motion for a new trial was filed in the court below within the time fixed by statute for filing the same, and therefore the errors, if any, that occurred during the trial cannot be reviewed. But even if the record fails to show that a motion for a new trial was filed within the statutory period, it could form no just ground for quashing the bill of exceptions.

In order to obtain a review of alleged errors which have occurred during the progress of a trial it is necessary to bring them to the attention of the trial court by a motion for a new trial, in order that that court may have an opportunity to review its own rulings, and if it has committed material errors, correct them.

The bill of exceptions, however, where it contains all the evidence in the case, is a record of the trial, and presents to the reviewing court the entire proceedings upon which the verdict and judgment are based.

The statute prescribes the procedure in settling such bills, and if this is observed and the bill duly signed and filed in this court within the time fixed by statute, it will not be stricken from the files or quashed because of a failure to lay a foundation for the review of the alleged errors. In other words, a motion to quash a bill of exceptions, to

be effective, must be based on some objection to the bill itself, either ·in the manner of its preparation and signing, or in other respects, and cannot be predicated on the want of a motion for a new trial. The motion is therefore overruled.

The record shows that on the 18th day of July, 1888, the verdict was returned and judgment entered thereon on that day. The journal entry is as follows:

"H. D. READINGER
v.
THE PHŒNIX INSURANCE COMPANY, BROOKLYN, N. Y.

"This cause came on to be heard on the motion of the defendant for a new trial, on consideration whereof the court does overrule the same, to which ruling of the court the defendant duly excepted."

The evidence tends to show that no motion for a new trial was in fact filed at that time, nor is there any in the record of that date or any explanation or attempt to explain the above entry.

The record does show that on August 29, 1888, a motion for a new trial was filed as a matter of right, and that no action has been had thereon. It is probable that the motion was made orally and passed upon by the court with a promise of the moving party to file a written motion as of that date, and that it was neglected. This practice should not be tolerated.

The filing of a motion for a new trial is not designed as a matter of mere form, but as a means of correcting errors.

A capable, conscientious judge may see that he has committed an error which has materially affected the rights of one of the parties or has prevented a fair trial, and that the only mode of correcting the error is by granting a new trial. He therefore performs what he deems to be his duty and sustains the motion. He must know, however, the grounds of the motion—in other words, the cause or causes of grant-

ing a new trial, because unless a sufficient legal cause is assigned, the motion cannot be sustained. (*Spencer v. Thistle*, 13 Neb., 227; *Cockle Mfg. Co. v. Clark*, 23 Id., 704.) The granting of a new trial therefore is not an arbitrary exercise of power, but a duty to be performed for adequate cause, and such cause or causes must be assigned in the motion, which motion in all its parts the statute requires to be in writing. An oral motion, therefore, is insufficient.

The action is brought to recover the sum of $91.92, "which sum the said defendant then and there agreed to pay this plaintiff therefor."

The plaintiff in error in its answer denies each and every allegation in the petion not admitted, and, second, alleges that before the bringing of the action, "to-wit, on the 24th day of August, 1887, it tendered to the plaintiff, by way of compromise and to avoid litigation, the sum of $2.05, which he refused to receive, and the defendant has ever since been and still is ready to pay said sum to plaintiff," etc. This is a tender and admits that the amount tendered is due the defendant in error. (*Murray v. Cunningham*, 10 Neb., 170; *Cobbey v. Knapp*, 23 Id., 579; *Huntington v. Zeigler*, 2 O. S., 10; *Babcock v. Harris*, 37 Ia., 409; *Huntington v. Am. Bank*, 6 Pick., 340; *Cox v. Brain*, 3 Taunt. [Eng.], 95.)

The plea of tender is very different in its effect from an offer of the defendant to allow judgment to be taken against him for a specified sum.

In the latter case it is unnecessary to plead the amount tendered in the answer, nor need any mention be made of it therein.

The answer in this case in effect admits that a specified sum is due the defendant in error. The amount of this indebtedness is the principal question in dispute. Upon this point there is a direct conflict in the evidence, and the question was one proper for a jury to consider and determine, and where, as in this case, the conflict is in the oral

testimony of witnesses, and involves the question of the credibility of such witnesses, the court ordinarily will not review their testimony.

There is no error in the record that can be reviewed and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.