HETTIE L. YEISER ET AL. V. PORTSMOUTH SAVINGS BANK
ET AL.

FILED FEBRUARY 8, 1906. No. 14,133.

**Equity: EXECUTORY CONTRACT: FORFEITURE.** A court of equity will
not enforce against a vendee a technical forfeiture of an execu-
tory contract for the sale of land, if the defendant offers to do
equity in consideration of being restored to his contractual
rights.

ERROR to the district court for Douglas county: LEE S.
ESTELLE, JUDGE. *Reversed.*

*John O. Yeiser,* for plaintiffs in error.

*T. B. Dysart* and *William Baird & Sons, contra.*

AMES, C.

The plaintiff, the Portsmouth Savings Bank, a corpora-
tion, obtained title to a certain city lot in the city of Omaha
under a deed conveying the same in fee simple, subject to
certain conditions with reference to the possession of en-
joyment of the same for the term of 15 years from the date
of the instrument, August 1, 1889, which affected the title
to the lot as an incumbrance thereon. On the 13th day
of March, 1899, the plaintiff entered into a written con-
tract for the sale of the lot to one John Ruthven for the
sum of $1,800, payable $50 cash in hand and the residue
in monthly instalments of $25 each, such instalments to
include interest on the principal sum unpaid at the rate
of 5 per cent. per annum, with the further provision that
any larger sum or the whole of the unpaid principal might
be paid by the purchaser at any time, and that upon the
payment of the whole amount of the purchase price, and in-
terest, the plaintiff would convey the lot to the purchaser
or his assigns by a good and sufficient warranty deed in
fee simple and free from incumbrances, but providing for
forfeiture in case of default in the payment of any monthly

instalment as stipulated. Ruthven entered into and re-
mained in the possession of the premises, making the pay-
ments reserved in the contract, until the 13th day of June,
1900, when he sold and assigned his interest in the premises
and rights under the contract to Hettie L. Yeiser who
then entered into possession of the premises and there-
after made the payments reserved in the agreement until
September 21, 1901, since which time no payments have
been made to the plaintiff either by said Yeiser or by her
assignor Ruthven. On the 1st day of July, 1902, this
action was begun against both Yeiser and Ruthven, the
petition alleging, among other things, that an exception
from the covenant to convey by warranty of the incum-
brance above mentioned was omitted by mutual mistake,
and praying for a reformation of the instrument by an in-
sertion of such exception, and that an account be taken
of the payments made and ascertaining the amount of the
unpaid residue of the purchase price, and that the premises
be adjudged to be sold for the satisfaction of the latter, and
for general relief. But it was not averred that Yeiser
had knowledge or notice of such alleged mistake. Ruth-
ven defaulted in the suit, but Yeiser answered, alleging
as a defense the present inability of the plaintiff to convey
an unincumbered title as it had covenanted to do by the
contract of sale, and the desire of the defendant to obtain
the same at once, and her repeated offers to pay the plain-
tiff the unpaid remainder of the purchase price upon con-
veyance thereof to her being made. At the time the
answer was filed there was unpaid on the contract of prin-
cipal, and accrued interest, something like $1,300. By
her answer the defendant offered to pay $1,000 and ac-
cept a deed from the plaintiff, subject to the incumbrance
mentioned. There was a general demurrer to this an-
swer, which was sustained, and, the defendant electing not
further to plead, there was a judgment of foreclosure and
sale as prayed in the petition. The defendant Yeiser
prosecutes error.

We think that the offer made in the answer, though in-

formal, was substantially an offer to perform the contract upon her part after the diminished value of the property occasioned by the incumbrance should have been ascertained and deducted from the unpaid portion of the purchase price, or, in other words, that it is an offer to do equity, and that it could not have been, and cannot be, rightfully ignored by the court; and that therefore the order sustaining the demurrer and the judgment consequent thereupon are erroneous. The contention of the plaintiff that, if the monthly payments contracted for in the agreement had been continued without default until the stipulated time, the restraints upon the use and enjoyment of the premises would before their date have expired by their own limitation is, we think, unavailing. One of the rights secured by the contract to the vendee Ruthven and his assigns was the privilege of making full payment and receiving an unincumbered title before that date had arrived, and it is conceivable that that right was as valuable as any other stipulated for in the agreement; at all events, it is one of which the defendant could not have been deprived without her consent or default, and without compensation. It is true that when she made the offer she was in default of several monthly instalments, and had incurred a technical forfeiture of her contract, but we do not think that a court of equity should enforce the forfeiture in a suit brought by her adversary, in the face of a substantial offer on her part to meet its just demands.

We are of opinion, therefore, that the judgment of the district court should be reversed and the cause remanded for further poceedings.

OLDHAM, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

**REVERSED.**