PETER W. ROSE, PLAINTIFF IN ERROR, V. AMOS PECK,
DEFENDANT IN ERROR.

Offer to Confess Judgment: COSTS. In a case pending in the
district court an offer made by defendant to allow judgment to
be taken by the plaintiff in a certain amount therein stated and
costs, which offer was in writing and filed in the office of the
clerk of said court, but was not served upon the plaintiff or his
attorney, nor was it made in open court, the plaintiff being
present or having notice thereof; *Held*, Unavailing to throw the
costs made after the filing of such offer upon the plaintiff.

ERROR from Lancaster county. Tried below before
POUND, J.

*Brown & Ryan Brothers*, for plaintiff in error.

*Marquett, Deweese & Hall* and *Foxworthy & Son*, for
defendant in error.

COBB, CH. J.

This cause came up in the district court on appeal from a
justice of the peace. The action was for trespass by live
stock, for which the plaintiff claimed damages in the sum
of one hundred dollars. There was an answer consisting
of a general denial by the defendant and a reply by the
plaintiff.

There appears upon the record an offer of judgment by
the defendant, of which the following is a copy:

" AMOS PECK
  v.
  PETER W. ROSE. }

"Now comes the defendant, Peter W. Rose, by his attor-
neys, Brown & Ryan Bros., and offers to allow judgment
to be taken against him for $5.00 and costs in this action,
wherein Amos Peck is plaintiff and Peter W. Rose is de-

34

fendant, now pending in the district court of Lancaster county, Nebraska.

"BROWN & RYAN BROS.,
"*Attys. for Deft.*"

Which paper was endorsed:

"Amos Peck v. Peter W. Rose.    Offer to confess judgment.    Clerk's office, district court.    Filed March 2, 1885.

"E. R. SIZER,
"*Clk. D. C.*"

And also the following acceptance of offer:

"PECK
    v.
ROSE.

"Now comes the above-named plaintiff, and waives service of written notice of offer herein and hereby accepts the offer of defendant for judgment against defendant in favor of the plaintiff for the sum of five dollars and all accrued costs.

"AMOS PECK, *Plaintiff.*
"*Per Foxworthy & Son, his Attorneys.*"

This paper was endorsed as filed in the clerk's office March 4, 1884.

There is a journal entry under date the 5th day of March, 1885, and 10th day of the term, reciting the said offer of the defendant and acceptance by the plaintiff, followed by a judgment for the plaintiff and against the defendant for the "said sum of five dollars, together with his costs therein expended, taxed at $122.40."

On the same day there was filed a motion, of which the following is a copy: "*Amos Peck v. P. W. Rose*, comes now the defendant and moves the court for an order requiring the costs in this case, which have accrued in this case since the filing of the defendant's offer to confess judgment, to be taxed to plaintiff.

"BROWN & RYAN BROS.,
"*Attys. for Deft. Rose.*"

There seems to have been several affidavits filed as well in support as in resistance of the said motion, but as they were not preserved by a bill of exceptions they cannot be considered here. There was also a cross-motion by plaintiff to tax the costs to defendant.

The court overruled the motion of defendant and sustained that of the plaintiff. The defendant thereupon brings the cause to this court on error, and assigns the following errors:

" 1. The court erred in not sustaining the motion of plaintiff herein to tax the costs which were made after filing of offer to confess judgment to the defendant herein.

" 2. The court erred in taxing the costs made after offer to confess judgment to plaintiff herein.

" 3. The court erred in sustaining the motion of defendant herein to tax all costs in the case to plaintiff herein."

There is no brief by either party. The record contains no bill of costs, nor is there any evidence that there were any costs made in the case by either party after the filing of the offer to confess judgment, nor a suggestion even as to the amount of costs that were thus made.

Section 570 of the code provides as follows:

" After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed or part of the causes involved in the action. Whereupon if the plaintiff being present refuses to accept such confession of judgment in full of his demands against the defendant in the action, or, having had such notice that the offer would be made, of its amount, and of the time of making it, as the court shall deem reasonable, fail to attend, and on the trial do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer," etc.

Section 565 also provides that, "the defendant in an action for the recovery of money only, may at any time be-

fore the trial serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum specified therein.  If the plaintiff accept the offer and give notice thereof to the defendant or his attorney within five days after the offer is served, the offer and an affidavit that the notice of acceptance was delivered in the time limited may be filed by the plaintiff, or the defendant may file the acceptance with a copy of the offer verified by affidavit; and in either case the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly.  If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn and shall not be given in evidence or mentioned on the trial.  If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

Section 1004 also contains a provision on the subject of offers to confess judgment.  But as that section applies only to justices courts it will not be noticed further.

The offer of the defendant not having been made in open court, nor served on the plaintiff in the court below out of court, does not come within the provision of either section, and was therefore unavailing to throw the costs made after its being filed.in the clerk's office upon the plaintiff below, even if it appeared that any costs were made in said court after the filing of such offer.

The judgment and order of the district court are therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.