## J. B. ALFREE MANUFACTURING COMPANY v. HENRY R. GRAPE.

FILED MARCH 7, 1900.   No. 9,148.

1. **Breach of Contract: PETITION.** Petition examined, and *held* to state a cause of action for damages for breach of contract for non-performance and failure to comply with its terms, and *held* that it does not contain essential averments necessary in order to construe it as a petition for a rescission of the contract and recovery of the consideration paid.

2. **Instructions.** Instructions set out in the opinion give action a double aspect, one for damages for breach of contract, and the other for a rescission thereof and the recovery of the purchase price. *Held,* That an action will not lie to recover damages because the machinery was not as good as represented, and, at the same time, recover the price of it by rescinding the contract. The two remedies are inconsistent and repugnant and can not be joined or blended.

3. **Pleading: RESCISSION OF CONTRACT.** A pleading for rescission of a contract for a breach in its conditions must allege the ground upon which a right to rescind is based—an offer to rescind without unnecessary delay by a tender of the property received, with a request for a return of the consideration. The offer to return the property must be continuous, and kept good by a proper averment to that effect.

4. **Rescission of Contract: IN TOTO: STATU QUO.** A contract can not be rescinded in part and a part remain executed. If rescinded at all, it must be *in toto*, and the parties thereto placed in *statu quo* so far as the circumstances will permit.

5. **Instructions.** Instructions which bring into the case questions foreign to the issues as raised by the pleadings, and which are calculated to mislead the jury, are prejudicial error, calling for a reversal of the judgment.

ERROR from the district court of Dixon county. Tried below before EVANS, J. *Reversed.*

*William E. Gantt,* for plaintiff in error.

*J. J. McCarthy, John V. Morgan, S. G. Hutchinson* and *John C. Watson, contra,* argued that the exceptions by the plaintiff in error to the instructions given by the

court at the request of the defendant in error were so indefinite that they could not be considered by this court. The exception of the defendant below to plaintiff's instructions was as follows: "Instructions requested by the plaintiff and given by the judge, to all of which the defendant duly excepts." See transcript, 16. This exception was made at the commencement of the instructions, as shown by the transcript. It had long been a settled rule of this court that a general exception to the charge to the jury was unavailing, unless the entire charge was erroneous. See *Redman v. Voss*, 46 Nebr., 512; *City of Omaha v. McGavock*, 47 Nebr., 313. Exceptions should be taken separately to instructions, and not *en masse*. See *Blue Valley Lumber Co. v. Smith*, 48 Nebr., 293.

HOLCOMB, J.

In the district court the plaintiff, defendant in error, in his petition alleged substantially that on August 3, 1891, he was desirous of erecting a cereal mill, and entered into a contract in writing with the defendant, plaintiff in error, whereby defendant agreed to furnish, set up and put into successful operation in plaintiff's mill-building the machinery necessary to the successful operation of the said cereal mill, all machinery and material to be first-class, etc., for the sum of $4,500, payable one-half on shipment of machinery, and the balance after six days' successful operation, provided the mill did not fail to perform the following guarantee: "We guarantee this cereal mill to have a capacity of 50 bus. per hour, and to manufacture all grades of corn goods, flake goods and buckwheat flour, equal in quality to any samples you may produce from same grade of grain." That afterwards, at the special instance and request of the defendant, and upon the express promise to pay the sum of six per cent as interest thereon, the plaintiff advanced to and paid the defendant upon the said contract price, relying on the said contract and the several promises of the defendant, the sum of $3,500 in cash; and

while the defendant was putting in the machinery called for by the contract, the plaintiff paid and advanced to the said defendant, at his special instance and request, the further sum of $425 in labor, material, etc.; that the defendant did not comply with the said contract; that the machinery purchased was and is entirely worthless for the purposes specified, and will not perform the work desired and agreed upon; that the plaintiff has repeatedly demanded of the defendant that it comply with its agreement and make the machinery conform to said contract, but the defendant refuses to comply with the terms of said agreement, and refuses and neglects to conform to the same, to the damage of the plaintiff in the sum of $4,000, for which judgment is prayed, with interest at seven per cent from August 31, 1891, and costs of action.

The answer, after generally denying the allegations of the petition, pleads full performance of the terms of the contract, and by way of cross-petition states that there is due it, under the terms of the contract, a balance of $823, for which, with interest, judgment is asked.

The reply consists of a general denial.

After the issues were formed, a trial was had to the court and a jury, the jury returning a verdict for the plaintiff in the sum of $5,118.

The plaintiff filed a remittitur for the sum of $118, and judgment was rendered on the verdict for the sum of $5,000 and costs of suit.

The errors assigned as grounds for reversal are very numerous, being some sixty-eight in number, none of which are presented with clearness and precision, and all seemingly are regarded as equally important, special or extended consideration being given to none. An examination of the voluminous record convinces us that it is all-sufficient to notice but two of the assignments of error, and these relate to the instructions of the court, and to which exceptions were properly taken and preserved in this court.

The sixth instruction given by the court on its own motion is as follows:

"The jury will first inquire if the defendant company has complied with the terms of its contract with the plaintiff, that is, has there been a breach of the contract? and if you find for the plaintiff on this point you are instructed, as a matter of law, that the true rule of damages in this case is the difference between the value of the machinery furnished and what it would cost to replace the same with such as was demanded by the contract and in accordance with the terms thereof, unless you find that the plaintiff has by reason of the breach of said contract on the defendant's part rescinded said contract."

Following is the tenth instruction:

"The jury are instructed that there is no time mentioned in the contract in which the defendant was to comply with its terms and fulfill the guaranties in said contract contained, and you are instructed that under the law the defendant would be allowed a reasonable time in which to erect such mill and make such changes in the machinery and appliances and the proper placing of the same as the defendant might deem necessary to make said mill and machinery comply with the conditions of said contract, and the question as to what is a reasonable time in this case is a question of fact for you to determine from all the evidence, you being the sole judges thereof; and if you further find that the defendant has failed or refused within a reasonable time to comply with the terms of the contract in question, and without the fault of the plaintiff, then the plaintiff would be entitled to the difference between the value of the machinery furnished and what it would cost to replace the same with such as was demanded by the contract and in accordance with the terms thereof; or the plaintiff may in case you find the defendant has not complied with the terms of said contract, and that such failure is not the fault of the plaintiff, rescind the con-

tract, and if you find he has rescinded such contract, in such case the plaintiff will be entitled to recover the money advanced by him to the defendant, or on its order, or for which they have accepted the benefit, with interest at six per cent from the time of such advancement to April 27th, 1896."

It will be observed that in each of the instructions quoted the court submitted to the jury the question as to a rescission of the contract sued on by the plaintiff, and authorized the return of a verdict for the full amount of money advanced by the plaintiff on the contract price with interest to April 27, 1896, at six per cent. The jury evidently adopted the theory that the plaintiff was justified in rescinding, and had in fact rescinded, the contract, and was, therefore, entitled to recover the amount paid thereon with interest, and returned a verdict accordingly.

As we construe the petition, it was an action for damages for breach of contract for non-performance and failure to comply with its terms. Nothing is said therein as to a rescission of the contract, and different averments, essential in order to construe it as a petition for a rescission of the contract and recovery of the consideration paid, are omitted.

In the two instructions quoted the action is given a double aspect, one for damages for breach of contract, and the other for a rescission of the contract and the recovery of the purchase price paid for the machinery mentioned in the contract.

We do not understand how the plaintiff can recover damages because the machinery was not as good as represented, and at the same time recover for the price of it, because he had chosen to rescind the contract. If he sues for a breach of warranty or non-performance, he affirms the contract, and seeks indemnity by way of damages; if he rescinds the contract, he disaffirms it, and asks the return of the original consideration. The two remedies are inconsistent, and can not be blended, as appears was done in the instructions quoted.

In 2 Bates, Pleading, p. 707, it is said: "A count for a rescission of contract for fraud, and a count for damages for the fraud or recovery of the consideration can not be joined, they are repugnant, one affirms and the other disaffirms the contract," citing *Heastings v. McGee,* 66 Pa. St., 384, 387.

In our view, a good pleading for a rescission of a contract for non-performance or a breach in its conditions must allege the grounds upon which a right to rescind is based—an offer to rescind without unnecessary delay by a tender of the property received, with a request for a return of the consideration. The offer to return the property must be continuous and be kept good by a proper averment to that effect. See Maxwell, Code Pleading, p. 292.

A contract can not be rescinded in part, and a part remain executed. If rescinded at all, it must be *in toto,* and the parties thereto placed *in statu quo* so far as the circumstances will permit.

The instructions quoted brought into the case questions foreign to the issues as raised by the pleadings, and were calculated to, and doubtless did, mislead the jury into the consideration of the case as being one for a rescission of the contract for non-performance of, and failure to comply with, its terms, and recovery of the purchase price advanced thereon. In this we think there was error, to the prejudice of the defendant, calling for a reversal of the judgment. It is well settled that an instruction to a jury not warranted by the pleadings and the evidence, or misstating the issues, will require the reversal of a judgment, if it has a tendency to mislead the jury. See *Steele v. Russell,* 5 Nebr., 211; *Smith v. Evans,* 13 Nebr., 314; *Esterly v. Van Slyke,* 21 Nebr., 611; *Roberts v. Drehmer,* 41 Nebr., 306; *McCready v. Phillips,* 44 Nebr., 790; *Scott v. Kirschbaum,* 47 Nebr., 331.

For the reasons stated, the judgment of the lower court is reversed, and the case remanded for a new trial.

REVERSED AND REMANDED.