PORTSMOUTH SAVINGS BANK, APPELLEE, V. HETTIE L. YEISER ET AL., APPELLANTS.

FILED APRIL 10, 1908.  No. 15,129.

1. **Land Contract: FORECLOSURE: PLEADING: ADMISSIONS.** In a suit by a vendor to foreclose upon a contract for the sale of real estate, if the vendee seeks the enforcement of the contract and pleads a tender of a sum to pay the remainder of the purchase price, he thereby admits that the vendor is entitled to a decree of foreclosure for the amount tendered.

2. **Tender.** In order to make a tender effective and to relieve the defendant from further interest and costs, he must, when sued, not only plead the tender, but bring the amount into court so that it may be available for the use of the plaintiff.

3. **Judgment: INTEREST.** Under section 6727, Ann. St. 1903, a judgment or decree should draw 7 per cent. interest from the date of its rendition, when founded upon a contract which provides for interest at a less rate.

4. **Land Contract:** SUIT FOR CONVEYANCE: DAMAGES. A vendee in a contract to convey real estate free and clear of incumbrance is entitled to nominal damages only, in an action where he seeks to compel the conveyance and to recover damages on account of limitations and restrictions in the vendor's title, if the limitations and restrictions do not affect the market value of the property.

5. ———: FORECLOSURE: DECREE. On entering a decree of foreclosure for a balance due in an action by a vendor to foreclose a contract for the sale of real estate, provision should be made requiring the vendor to make a conveyance upon the payment of the decree.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Judgment modified.*

*Guy R. C. Read* and *John O. Yeiser,* for appellants.

*William Baird & Sons, contra.*

GOOD, C.

This is an action brought by the Portsmouth Savings Bank to foreclose a vendor's lien arising out of a contract for the sale of real estate. The case has been in this court on a former occasion, the opinion being reported in *Yeiser v. Portsmouth Savings Bank,* 75 Neb. 690, where a general statement of the facts may be found. After the cause was remanded to the district court the plaintiff filed an amended petition, omitting any attempt to have the contract performed, and asking for a foreclosure upon the contract as made. The defendants answered, setting up certain limitations and restrictions and conditions in plaintiff's title, and alleging its inability to convey title free and clear of incumbrances occasioned by the limitations and conditions in the plaintiff's title, alleged certain payments upon the contract of purchase and a tender previous to the bringing of the action of $1,245.37, which was in excess of the amount due the plaintiff on the purchase price, and alleged that they had kept the tender good, and were ready, able and willing to pay the amount of said tender upon the delivery of a deed conveying title in fee simple clear of all incumbrances, alleged and asked

for damages on account of the defects in the title, and prayed that the plaintiff be ordered and directed to make a deed to the defendant Hettie L. Yeiser. The plaintiff replied, admitting the limitations in its title at the time of making the contract, and that said restrictions were limited to a period of 15 years, which term had long since expired. It denied that the limitations and conditions in the plaintiff's title constituted an incumbrance or cloud upon the title to the premises, and denied all the other allegations of the answer. Upon a trial of the issues the plaintiff had decree of foreclosure as prayed. No provision was made in the decree requiring the plaintiff to execute and deliver to the defendant a deed to the premises upon the payment of the amount of the decree into court. Defendants have appealed.

The restrictions and limitations mentioned in plaintiff's title were the same as contained in all the deeds of the original owners of Dundee Place, and restricted the use of the lots for a period of 15 years to residence purposes, that no buildings should be erected closer than 25 feet to the front of the lot line, that no residence should be erected that should cost less than $2,500, exclusive of other buildings, and that the sale or barter of intoxicants upon the premises should be prohibited. The right was given to the owner of any lot in Dundee Place to enforce the provisions and conditions of the deed. The deed containing these restrictions was made in October, 1889. The contract in this action was made in 1899, and provided for the sale of the lots in question for the sum of $1,800, $50 in cash, the remainder payable $25 monthly, with an option to the vendee of making greater payments at any time, thus making it optional with the vendee to pay the full amount at any time. All payments had been promptly made up to August, 1901. At the date when the September, 1901, payment became due, Yeiser, who was then the owner of the contract by assignment, tendered $1,245.37, a sum slightly in excess of the amount then due, and demanded a deed to the premises. At that

time the 15-year limitation had not expired, and plaintiff declined to make a deed, except subject to the limitations and conditions mentioned. This was not satisfactory to Yeiser, and the money was not paid. No further payments were made, and thereafter this action was instituted.

Appellants first insist that the plaintiff was not entitled to a decree, because at the time that it brought the action it was not able to comply with its contract, and, therefore, the decree was contrary to law. To our minds this contention is not well founded. Appellants are demanding a conveyance of the real estate. They are and have been in possession of the premises ever since the assignment of the contract, and have made less than one-half of the payments thereon, exclusive of any interest. They have also asked for damages on account of the limitations and restrictions that existed in the title. Where suit is brought by a vendor to foreclose upon a contract for the sale of real estate, and the vendee seeks the enforcement of the contract and makes a tender of a sum to pay the remainder of the purchase price, he thereby admits that the vendor is entitled to a decree of foreclosure for the amount of the tender. *Murray v. Cunningham,* 10 Neb. 167; *Phœnix Ins. Co. v. Readinger,* 28 Neb. 587; Am. & Eng. Ency. Law (1st ed.), 942.

Appellants next contend that the decree is excessive in that it should not have been for a sum in excess of the amount tendered. The law is unquestioned that, if the full amount due was tendered and the tender kept good, the appellee would not thereafter have been entitled to any interest, and would have been entitled to a decree for that amount and no more. 25 Am. & Eng. Ency. Law (1st ed.), 926. The rule is also quite general that, in order to make a tender effective and continue it in force, the defendant, when sued, must not only plead the tender, but must bring the amount into court so that it may be available for the use of the plaintiff. 25 Am. & Eng. Ency. Law (1st ed.), 932; *Clark v. Neumann,* 56 Neb. 374. This

the appellants failed to do, and, because of the failure in this respect, whatever of benefit they might have obtained by reason of the tender was lost to them. They have conceded by pleading a tender that the amount tendered was due at the time it was made, and by failure to keep the tender good the appellee was entitled to the full amount with interest.

Appellants next contend that the decree is contrary to law in that it provides that it shall draw interest at the rate of 7 per cent. per annum, though the contract of sale provides for the payment of only 5 per cent. upon deferred payments. Section 6727, Ann. St. 1903, substantially provides that judgments and decrees shall draw interest at the rate of 7 per cent. per annum, except where the judgment or decree is based upon a contract calling for a greater rate of interest. This section has been construed in *Havemeyer v. Paul,* 45 Neb. 373, and *Connecticut M. L. Ins. Co. v. Westerhoff,* 58 Neb. 379, wherein it was held that a decree based upon a written contract calling for a less rate than 7 per cent. should draw 7 per cent. from the date of its rendition. The decree of the district court in this respect was, therefore, proper.

Appellants next contend that the court erred in not allowing damages to them on account of the restrictions and limitations that existed in plaintiff's title to the premises. It will be observed that the limitations and restrictions were for the period of 15 years, and that this period had expired previous to the entry of the decree, although they did exist at the time of the tender. The evidence does not disclose that appellants suffered any injury, or that the property was of any less value because of the limitations and restrictions in plaintiff's title. The evidence shows that there was a dwelling-house upon the property, that it was used for residence purposes, and that it was not suitable or available for any other purpose. The evidence does not disclose that the property would have been of more value without the restrictions than with them. Under these circumstances, the appel-

lants were entitled to only nominal damages, and this the court awarded them in the sum of 5 cents.

Appellants complain that the decree did not require the appellee to make and deliver a deed upon the payment of the amount found due by the court. In this respect we think the appellants' contention is well founded. Appellee was entitled to the amount found due by the district court, but was entitled to that amount only upon the delivery of a deed conveying the premises in question, and the decree should have provided for the delivery of a deed to the clerk of the court for the benefit of the appellants. In all other respects the decree of the district court is right and should be affirmed. But on account of a failure to provide for a delivery of a deed to the appellants we recommend that the judgment of the district court be modified so as to provide that within 20 days from the entry of the decree the appellee shall execute and deliver to the clerk of the district court for Douglas county a good and sufficient deed, with the usual covenants of warranty, conveying the premises in fee simple, free and clear of incumbrance, to the appellant Hettie L. Yeiser, to be delivered to the appellant only upon the payment of the amount found due, together with interest and costs, and that, if the appellants shall fail within 20 days to pay the amount of the decree, the premises be sold to satisfy the decree and costs.

DUFFIE, C., concurs.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is modified, and a decree is entered in this court in conformity with the recommendation in said opinion; the costs of this court to be taxed to the plaintiff.

JUDGMENT ACCORDINGLY.