SAMUEL HAMMANG, APPELLEE, V. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 16, 1922. No. 21699.

1. **Trial:** INSTRUCTIONS. A defense set forth in an answer, but
   not supported on the trial by evidence, should not be submitted
   to the jury.

2. ———: ———. An offer to confess judgment incorporated in
   an answer should not be referred to in the instructions.

3. **Damages.** Where live stock is injured or killed by a railroad
   company on its right of way by reason of its negligence, and
   is then taken possession of by the company and not uncondi-
   tionally tendered by it to the owner, but sold, and the proceeds
   retained or converted to its use, the railroad company is liable
   for the full market value of the live stock prior to its injury.

APPEAL from the district court for Washington county:
ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,*
for appellant.

*J. C. Cook* and *John Gumb, Jr., contra.*

Heard before MORRISSEY, C.J., ALDRICH, FLANSBURG
and ROSE, JJ., BROWN and ELDRED, District Judges.

BROWN, District Judge.

This is an appeal from the district court for Wash-
ington county, wherein the plaintiff recovered a judg-
ment for $350 as damages for the alleged negligence
of the defendant in killing one mule and injuring another
on its right of way on April 14, 1916, which mules were
the property of the plaintiff. The errors complained of
by the defendant are that the trial court failed to
incorporate in its second instruction, stating the issues,
certain material defenses contained in its answer, and
that the damages awarded are excessive.

An examination of the second instruction in connection
with the defendant's answer discloses that the omissions
to which the defendant takes exception relates to matter
incorporated in the second subdivision of the third

paragraph of the answer and in the fourth paragraph thereof. The allegations in the third paragraph, reference to which was omitted, were that defendant had demanded that the plaintiff take the injured mule, that the plaintiff refused to do so, and that on November 24, 1916, it served a written notice on plaintiff that it would sell the mule unless he took it and relieved defendant of the care of it. The record discloses that in all of its dealings, both oral and written, with the plaintiff, the defendant denied responsibility for injury to the living mule and insisted that the plaintiff should accept the mule and relieve defendant from liability. The plaintiff offered to take the mule, but without releasing the defendant from liability for its injury. The defendant never made an unconditional tender of the mule to the plaintiff, in conformity with the allegations of its answer. The defendant not having introduced evidence to support the allegations in question, it is fundamental that it was not only proper, but its duty, for the court not to incorporate them in its instruction or submit them as a defense to the jury, and the defendant has no occasion for complaint.

The fourth paragraph of the defendant's answer consisted solely of an offer to confess judgment for a certain sum and costs in full settlement of all of the plaintiff's claims and demands. This also should not have been submitted to the jury in any form. Rev. St. 1913, sec. 7722.

The defendant does not contend that the two mules were not reasonably worth $350, the amount of the verdict. The defendant offered no evidence as to the value of the mules and the evidence introduced by the plaintiff is ample to sustain the verdict. The defendant's claim that the damages awarded are excessive, is based upon the contention that injury to live stock does not authorize the owner to refuse to accept it and to recover its full value from the railroad company, but that the owner's measure of damages is the difference between the market

value of the injured live stock before and after the injury. The defendant urges that, as the live mule after the injury and the hide of the dead mule both had some value, damages equaling the value of both mules prior to their injury must be clearly excessive. No authorities relating to the proper rule of damages in the case of negligent injury of live stock by a railroad company on its right of way have been cited by either party. However, it would seem that the principles of law applicable would be the same as in the case of damage to goods consigned to a common carrier for transportation, and both parties have presented the question on this hypothesis.    Applying these principles, a sufficient answer to this contention is that the defendant never having made an unconditional tender of the live mule to the plaintiff, as has hereinbefore been noted, and the evidence disclosing that the mule that was killed, or its hide, was never tendered to the plaintiff, and the one mule having been killed and its hide and the live mule having been sold and the proceeds retained and, so far as the evidence shows, converted to its own use, the defendant is liable for the full value of the mules as for conversion. *Parsons v. United States Express Co.* 144 Ia. 745, and cases therein cited. Even if the defendant had unconditionally offered the injured mule and the hide of the dead mule or the proceeds from the sale of them to the plaintiff, and the plaintiff had wrongfully refused to accept them, still, applying the rule urged by the defendant, the damages awarded would not be excessive. Defendant in its brief contends that the injured mule and the hide were sold for their full market value. There is nothing in the record to raise any presumption to the contrary. They brought $55. Had the plaintiff accepted them before sale, his damages would, therefore, have been $55 less than the market value of the mules before their injury, and the equivalent of the $55 would have been his. As he refused to accept them and the defendant retained this sum and the jury

awarded the value of the mules before the injury to the plaintiff, the result was the same as it would have been had the plaintiff received the injured mule and the hide and sued for his damages. *Gulf, C. & S. F. R. Co. v. Pitts & Son,* 37 Tex. Civ. App. 212; *St. Louis, I. M. & S. R. Co. v. Cumbie,* 101 Ark. 172.

The record being free from error, the judgment is

AFFIRMED.