LOTON R. McCAW, APPELLANT, V. CHARLES H. SWALLOW, APPELLEE.

FILED JULY 18, 1924. No. 22878.

1. Vendor and Purchaser: CONTRACT. Where a transaction for the exchange of interests in real estate is evidenced by several instruments, each being dependent on the others, they should be considered together for the purpose of determining the rights and liabilities of the parties.

2. ———: DAMAGES. In a transaction for the exchange of interests in two separate tracts of land, the trading price of one tract, though stipulated to be a payment on the other tract, is not necessarily the measure of relief in an action to recover back in money the payment thus made, where defendant repudiated or rescinded the entire transaction and surrendered the interest he had agreed to accept from plaintiff.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*J. J. Harrington* and *Doyle & Halligan,* for appellant.

*Burkett, Wilson, Brown & Wilson* and *M. V. Beghtol, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and THOMPSON, JJ., and BLACKLEDGE, District Judge.

ROSE, J.

This is an action to recover $29,797.50 as a first payment on an unperformed agreement by defendant to sell and convey to plaintiff 130.38 acres of land in Hidalgo county, Texas, for $39,114, plaintiff agreeing to execute notes for the unpaid balance of $9,316.50 and to secure them by a vendor's lien on the land purchased. The initial payment mentioned was not made in cash, but plaintiff pleaded that he made it by assigning to defendant a contract to purchase from Glen Troth and Roy Brownell 1,160 acres of land in Holt county, Nebraska, plaintiff and defendant agreeing in writing that the assignment should be the first payment of $29,797.50 on the Texas land. Plaintiff also pleaded that he executed and delivered the assignment, and that it was accepted by defendant, who entered into possession of and leased the Holt county land; that plaintiff on his part performed, or tendered performance of, all his contractual obligations to defendant, but that the latter repudiated his agreements, failed to convey the Texas land to plaintiff, and refused to refund the first payment therefor. The written contracts signed by the parties were set out in the petition.

In the answer defendant did not deny the execution of the instruments pleaded by plaintiff, but alleged in effect that they evidenced a trade of defendant's Texas land for plaintiff's equity in the Holt county land, there being in favor of defendant on the basis of such a trade a difference of $9,316.50, for which plaintiff agreed to give notes secured by a vendor's lien; that plaintiff failed to assign the

precise equity traded by him 'to defendant, who, as a consequence, legally rescinded the exchange without owing plaintiff any sum whatever.

The reply contains, among denials, and other things, a specific admission that plaintiff entered into a written agreement with defendant to trade the Texas land for plaintiff's equity in the Holt county land.

After evidence had been adduced at great length by both sides, the district court directed a verdict in favor of plaintiff for nominal damages. From a judgment on the verdict, each party to pay his own costs, plaintiff has appealed.

Assigned error in the giving of the peremptory instruction presents the controlling question on appeal. Did plaintiff make a *prima facie* case for any recovery in excess of nominal damages? Plaintiff narrowed his action to the right to recover back in money the first payment alleged to have been made by him on his purchase of the Texas land. He takes the position that the first payment, though made by the assignment of an equity in land, must be paid back in money. Though the contract for the sale of the Texas land, considered by itself, contains a provision for a first payment of $29,797.50 and recites that "the first payment is paid by an assignment of equity in contract of purchase" of the Holt county land, the sale of the former cannot be separated from the trading transaction for the purpose of making such first payment the indisputable measure of relief. This sale contract of the Texas land was a part only of the transaction between the parties. Each part is related to and is dependent on the whole and must be so considered. The pleadings and the proofs show conclusively that plaintiff and defendant entered into a trade or an exchange of interests in two separate tracts of land. The writings constituting the entire transaction consist of three instruments—the agreement of plaintiff to buy and of defendant to sell the Texas land; the contract by plaintiff to purchase the Holt county land from Troth and Brownell; the assignment to defendant of the equity in the Holt county land. The repudiation or rescission of the assign-

ment extended to the agreement for the transfer of the Texas land.

Assuming defendant wrongfully violated the terms of the trade in its entirety and, without cause, refused to perform any of his contractual obligations, what is the measure of relief in this action to recover back in money the stipulated first payment of $29,797.50, which plaintiff alleges he paid by his assignment? The assignment was ultimately rejected. Plaintiff did not acquire title to the Texas land. His agreement to purchase it and his obligation to execute notes for the balance of the purchase price are at an end, since defendant rescinded the entire transaction and plaintiff acquiesced in the rescission by bringing this action to recover back the alleged payment of $29,797.50 or nothing. The agreement by plaintiff to purchase from Troth and Brownell the Holt county land and the assignment tendered by plaintiff to defendant were turned back to the former. At the time of the trial the title to the property which each had agreed to convey to the other remained as it stood before the signing of the contracts. Disregarding loss or profit as a result of defendant's failure to comply with the terms of the trade, the equity of plaintiff in the Holt county land was restored to and retained by him. No witness testified to the value of either tract of land or to loss of profits or to actual damages. There is no proof that plaintiff made the payment for which he sues, unless evidence of that fact is found in the agreement that the assignment is a payment or in the rejected tender of the assignment itself. With the trade rescinded and the title to the property which each party had agreed to trade to the other remaining as it stood before the signing of the contracts, do the recital of payment and the rejected tender of the assignment prove either a completed payment or substantial damages? If plaintiff prevails on his own theory, his adjudicated profit in the rescinded trade will be $29,-797.50—the entire trading price of the Texas land, excepting deferred payments aggregating $9,316.50 only. The agreement that the assignment of plaintiff's equity in the

Holt county land is a first payment of $29,797.50 on the Texas land was inserted in the exchange contract in contemplation of mutual performance. It was not intended as a stipulation for liquidated damages in the event of non-performance. So considered, it would be unconscionable on the face of the writings. There being conclusive evidence that the exchange was rescinded, that the assignment and the tender were rejected, and that the equity constituting the agreed payment was restored to plaintiff, there was no proof whatever of substantial damages or of the completed payment on which the action is based. Plaintiff, therefore, did not make a case for any recovery in excess of nominal damages. It follows that there was no error to the prejudice of plaintiff in the peremptory instruction.

AFFIRMED.

Note—See Exchange of Property, 23 C. J. p. 203, sec. 31; p. 232, sec. 82.