Scheer v. Nelson.

---

OTTO V. SCHEER, APPELLEE, v. BERTLE NELSON ET AL., APPELLEES: LEVI GUTRU, APPELLANT.

FILED SEPTEMBER 29, 1925. No. 23216.

1. **Vendor and Purchaser:** LAND CONTRACT: FORECLOSURE: LIABILITY OF ASSIGNEE. An assignee of a land contract who has paid nothing upon the purchase price is properly decreed to pay the whole thereof to the vendor who has succeeded to the interest of the vendee in the original contract, upon foreclosure thereof.

2. ———: ———: CONTRACT OF ASSIGNEE WITH THIRD PERSON.
A vendor in a land contract taking a quitclaim deed of the land
from an assignee of his vendee does not thereby assume the
obligations of a contract of exchange of such land between
such assignee and a third person for other lands.

3. ———: INTEREST. Legal interest is properly allowed upon
default in a cash payment, notwithstanding deferred payments
are to draw a smaller rate by the terms of the contract.

4. ———: EXPENSE OF LOAN: LIABILITY OF VENDEE. A vendor
of real estate holding under a contract of purchase may not
charge his defaulting vendee with the expense of procuring a
loan to secure a conveyance, as damages for such default, not-
withstanding his expectation that vendee's payment would be
forthcoming to pay his debt, as the vendor's obligation in con-
nection with which expense was incurred arose out of a col-
lateral contract.

5. Damages: FAILURE TO PAY MONEY. The measure of damage
for failure to pay money is ordinarily interest on the amount
due at the legal contract rate.

APPEAL from the district court for Platte county: A. M.
POST, JUDGE. *Affirmed.*

*H. Halderson* and *Albert & Wagner*, for appellant.

*O. A. Abbott* and *James Nichols, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD and
THOMPSON, JJ., and REDICK, District Judge.

REDICK, District Judge.

The only parties interested in this appeal are Otto V.
Scheer, plaintiff, and Levi Gutru, defendant. The case was
originally instituted by plaintiff as an action of ejectment,
but after it had proceeded some time was changed into an
action to quiet title and for general equitable relief. The
facts are not in dispute and are substantially as follows:

Plaintiff held a contract of purchase for the south one-
half of section 3, township 20, range 4, in Platte county,
Nebraska. August 30, 1917, he contracted to sell the south-
east quarter to Timmons for $27,600; $2,162.40 cash,
$13,437.60 March 1, 1918, and a first mortgage for $12,000

due in 4½ years at the prevailing rate of interest, the transaction to be closed March 1, 1918.

October 1, 1917, Timmons contracted to sell said land to Anderson for $27,900; cash $1,000, $14,900 March 1, 1918, Anderson to assume a mortgage of $12,000.

February 1, 1918, Anderson contracted with defendant Levi Gutru to exchange said land at $30,500, subject to a $12,000 mortgage, for 400 acres in Merrick county at $60,000, subject to a mortgage of $12,500, Anderson to give a second mortgage for the remainder, $29,000, to be closed March 1, 1918.

None of the transactions were closed on the date specified, and shortly after March 1 Scheer procured a loan of $12,000 upon the southeast quarter in order to complete his purchase of the half-section and receive title. The mortgage was for 5 years at 5½ per cent., but Scheer was compelled to pay a commission or bonus of ½ of 1 per cent., $300, which was commuted to $240 by cash payment.

March 23, 1918, Gutru tendered Scheer $13,437.60, offering to assume the mortgage of $12,000, and demanding a conveyance from Scheer in accordance with the terms of the Timmons contract of which Gutru claimed to be the assignee through Anderson. This was the remainder of the contract price in the Timmons contract of $27,600. The tender was refused, Scheer demanding an additional $300 for his expense and trouble growing out of the failure to complete the contract on March 1. Prior to the tender Gutru had an understanding with Anderson that, if Gutru received a conveyance of the land from Scheer, Anderson would be relieved from carrying out the exchange for the Merrick county land. Some time later Scheer made settlements with Timmons and Anderson, the terms of which are not definitely shown, whereby they quitclaimed to Scheer all interest in the southeast quarter. It appears, however, that Scheer was to protect Timmons to the extent of the payments made by him upon the contract. The tender was not kept good by the deposit of the money so

that Scheer might take it, and in March, 1919, this action was commenced. The only answer to the second amended petition was filed by Gutru (Timmons and Anderson having no further interest in the land), which, after setting out in detail the various contracts above referred to, averred the making of the tender and refusal thereof, and by way of cross-petition prayed for a specific performance by Timmons and Anderson of said contracts, and for general relief. No replies or answers were filed to this pleading.

The district court entered a decree foreclosing the Timmons contract and requiring Gutru to pay into court the following amount: $23,597.21, with 7 per cent. interest. The decree further provided for a sale of the property in case said sums were not paid and a conveyance from Scheer to Gutru upon payment or to the purchaser upon sale. The court further found that Timmons had an equitable lien upon the premises for $1,462.40, being $2,162.40 plus $300 excess of his contract price over what he was to pay Scheer, and less $1,000 received by Timmons from Anderson, and transferred said lien to the fund to be paid into court or resulting from a sale of the land under the decree, reserving any dispute as to distribution of the proceeds for further hearing, and dismissed the case without prejudice as to the controversy between Anderson and Gutru over the exchange contract between them.

Gutru appeals from the decree and presents three contentions:

1. That he should not have been required to pay interest after having made the tender referred to. A sufficient answer to this contention is that, in order to have the effect stated, the tender should have been kept good by a deposit of the money in court where it would be available for the use of the plaintiff. *Portsmouth Savings Bank v. Yeiser*, 81 Neb. 343. But, aside from this, the defendant took possession of the land March 1, 1918, and has retained it ever since, receiving rentals far in excess of the interest. We know of no principle in equity that will permit a pur-

chaser to retain posesssion of the land and at the same time refuse to pay interest on the purchase price. He further contends that he should not have been charged interest at a greater rate than that prevailing on farm loans, which the decree found to be 6 per cent., but there is no merit in this, the principal amount, being a part of the cash payment due March 1, 1918, drew legal interest.

2. That he should not have been required to pay $1,462.40 more than was due upon the Scheer-Timmons contract. This leaves out of view the fact that Scheer had become the assignee of the Timmons-Anderson contract and was accountable to Timmons for the latter's lien upon the fund. Gutru had paid nothing to Timmons or Anderson, and if he received a deed direct from Scheer he should properly pay the entire purchase price, Scheer having succeeded to their interests.

3. He contends that the court erred in requiring him to perform the contract by a cash payment, upon the theory that by the quitclaim deed from Anderson to Scheer the latter became bound to carry out the contract of exchange between Anderson and Gutru for the Merrick county land. The contention is absolutely without merit. The only transaction between Anderson and Scheer was a conveyance by the former of all his interest in the quarter section of land in controversy. It did not cover the Merrick county land. There is no evidence that Scheer assumed and agreed to carry out the Anderson-Gutru contract; in fact, there was no assignment of that contract, and Anderson refused to carry it out, claiming it had been procured by false and fraudulent representations. Furthermore, specific performance by Scheer of the Anderson-Gutru contract is not asked by the cross-petition. The district court was right in refusing to decide the dispute between Anderson and Gutru as to the Merrick county land. It had no jurisdiction to charge said land with a lien. This disposes of all of the contentions of the defendant.

The plaintiff filed a cross-appeal, presenting but one ques-

tion, viz., that the court should have allowed the plaintiff an additional sum of $240, with interest, being the amount of commission or bonus, or as a part of the interest paid to procure the loan of $12,000 made necessary by the failure of defendant to pay the balance of the purchase price on March 1, 1918. The theory of plaintiff seems to be that, inasmuch as Timmons would have been required to give a mortgage at 6 per cent., the ruling rate as found by the court, and the mortgage substituted for the Timmons mortgage drawing only 5½ per cent., defendant should be charged with the difference; or that if Timmons had paid promptly plaintiff would not have been required to procure the loan. We think, however, that Scheer having had the use of the money in lieu of the cash payment, any expense occasioned by procuring the loan was compensated by the allowance of 7 per cent. interest upon the cash payment from October 1, 1918. The damages for failure to pay money on a certain date are ordinarily measured by legal interest on the sum due. *Lowe v. Turpie*, 147 Ind. 652. See, also, *City of Chicago v. Duffy*, 117 Ill. App. 261, 288, in which the opinion quotes from 1 Sutherland, Damages (1st ed.) 128:

"The practical difficulty to a creditor of borrowing the money, where the debtor is withholding the sum wanted which he owes, and that of a vendee to make a new purchase after he has paid the defaulting vendor for the goods wanted is the same. No party's condition, in respect to the measure of damages, should be worse for having failed in his engagement to a person whose affairs are embarrassed, than if it had been made with one in prosperous or affluent circumstances."

Furthermore, it was the duty of Scheer to have title on that date to be transferred to Timmons, and if it were necessary for him to borrow the money in order to secure the title he should bear the expense incident thereto, as Timmons was not a party to the contract of purchase between Scheer and his vendor, and neither he nor his

assignee, Gutru, should be charged with the expense incident to the performance of that contract by Scheer. The obligation of Scheer arose out of a collateral contract. It had to be met regardless of Timmons' contract, and therefore the expense incurred was not attributable to Timmons'· default.

The decree of the district court is right, and is

AFFIRMED.

Note—See Vendor and Purchaser, 39 Cyc. 1570, 1671, 1974.