RALPH LONG, APPELLEE, v. E. MERLE GUILLIATT ET AL., APPELLANTS.

288 N. W. 689

FILED NOVEMBER 28, 1939. No. 30689.

*L. R. Doyle* and *Jessen & Dierks,* for appellants.

*Lloyd E. Peterson, McKenzie & Dugan* and *Virgil L. Brown, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

ROSE, J.

This is an action against defendants to recover from them $10,232 for alleged negligence resulting in personal injuries to plaintiff. About noon December 14, 1937, a motor truck owned by E. Merle Guilliatt and driven by Walter Hoffman, defendants, collided with the automobile of plaintiff about a mile south of Nebraska City on paved highway 75 which runs north and south. Plaintiff had been traveling north. The truck was going south at the time of the impact. Plaintiff was injured. In his petition he alleged negligence of defendants as the proximate cause of his injuries, invoking the last clear chance doctrine.

Defendants in their answer denied the negligence attributed to them by plaintiff, and pleaded in detail that his injuries, if any, were caused by his own negligence and contributory negligence. The reply to the answer was a general denial. Plaintiff by formal preliminary motion in writing moved the court to strike from the answer the defenses of negligence and contributory negligence as inapplicable to the doctrine of the last clear chance upon which he relied for the recovery of damages. The motion was sustained after the evidence on both sides had been adduced.

The trial resulted in a verdict in favor of plaintiff for $1,950. From judgment thereon defendants appealed.

The principal assignment of error challenged as erroneous and prejudicial an instruction permitting the jury to return a verdict in favor of plaintiff for damages under the doctrine of the last clear chance, without regard to the rule that he was not entitled to such relief, if, in his peril, he had the time and the opportunity to avoid personal injury and neglected to do so.

Plaintiff testified to the following facts, in substance: He was an employee of the Otoe Food Products Company and, a few minutes before noon, December 14, 1937, started in his own Chevrolet car to the home of a fellow employee who resided about a mile south and half a mile east of Nebraska City; drove south a mile on highway 75; turned east from the highway and went a fourth of a mile; found the roads so slick that he turned around and started back to town; turned north at the highway; drove close to the east side of the pavement; front wheels went over the curb on the east side; got car back into the highway, where it slid to the west side; stopped with front wheels on the shoulder along the west curb and the rear wheels about two feet from the center line of the highway on the west side.

According to additional testimony of plaintiff, while trying to get his car off the west or wrong side of the highway, with the rear wheels spinning on the ice without any forward movement, he looked to the north and saw the truck coming over the hill. The evidence of an engineer is that the top of the hill was 650 feet from the place of the collision near a spillway; that the hill was 13½ feet higher than the spillway; that the pavement was nearly level immediately north of the spillway.

Hoffman, driver of the truck, testified that, going south, he first took notice of plaintiff's car when about 225 feet away; that plaintiff was following another car at the distance of about 45 feet; that the truck was within 40 feet of plaintiff's car when it commenced to skid; that it skidded in front of the truck; that Hoffman, on his own side of the highway, applied his brakes and skidded into plaintiff's car.

The evidence is in harmony on the icy and slippery condition of the pavement but is conflicting in most material respects.

Neither driver was in a good position to estimate the speed of the other's car. Plaintiff said he had been driving at a speed between 20 and 25 miles an hour and when he last started to skid he was going at the rate of 18 or 20 miles an hour. He estimated the speed of the truck at a rate between 40 and 45 miles an hour. The driver of the truck testified he came down the highway before applying his brakes at approximately 25 miles an hour and that plaintiff was traveling probably 30 or 35 miles an hour.

Plaintiff knew the condition of the pavement. He had passed the spillway going south a few minutes before the accident. He did not use chains on the wheels of his car. As the truck approached when he was in peril, he did not blow a horn or give any other signal. He said on the witness-stand that the truck was 400 feet away when the wheels of his car began to spin; that he discovered right after he stopped he could not get his car off the highway.

The petition and evidence show that plaintiff's car went out of control and stopped across the highway in defendant's line of travel; that plaintiff was sitting in his car at the time of the impact, and it is alleged he was unable to extricate himself. He testified: "I made an attempt to grab the door-handle to get out and the crash came." Whether he had the time, opportunity and means to avoid the peril in which he had negligently placed himself without any fault of defendants was a question for the jury in view of all the evidence and the physical facts disclosed by the entire record.

It would be exacting too much of the law to permit plaintiff to recover, if, in a perilous situation negligently created by himself, he had the last clear chance to escape and neglected to do so up to the very instant of the accident. The automobile does not do away with human desire to preserve life and to avoid bodily injury, nor eliminate legs of the driver in a stalled car on the wrong side of a slippery

highway as a means of locomotion. With the record as briefly outlined on the doctrine of the last clear chance invoked by plaintiff, the trial court gave an instruction containing the following direction to the jury:

"If you find and believe from the evidence that the said defendant Hoffman, servant of the said defendant Guilliatt, in charge of the said defendant Guilliatt's automobile, saw plaintiff was in a position of peril in time to avoid injuring him by the exercise of ordinary care by means reasonably within the control of the said Hoffman, and that said Hoffman failed to do so, then you are instructed that plaintiff would be entitled to recover and your verdict should be for the plaintiff and against said defendants."

This permitted the jury to return a verdict in favor of plaintiff though, if properly instructed, they might have found from the evidence that plaintiff himself had the last clear chance to avoid injury and negligently failed to do so, or that the drivers were contemporaneously and actively at fault. The instruction quoted was clearly erroneous and prejudicial to defendants. 11 C. J. 282; Annotations in 92 A. L. R. 47 *et seq.,* and 119 A. L. R. 1053 *et seq.*

Plaintiff by merely invoking the last clear chance doctrine as his sole cause of action did not thus necessarily eliminate the defenses of negligence and contributory negligence pleaded by defendants, if proved, but in the present instance the order striking those pleas from the answer do not appear to be prejudicially erroneous, since plaintiff pleaded and proved his own negligence and contributory negligence and defendants adduced their own evidence of the negligent acts of plaintiff to defeat a recovery on his only ground for relief.

For the giving of the erroneous instruction, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.