GILSON JAMES, APPELLANT, v. EVERETT HOGAN, APPELLEE.

47 N. W. 2d 847

Filed May 11, 1951. No. 32918.

*F. J. Reed,* for appellant.

*Herman & Van Steenberg,* and *Neighbors & Danielson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action at law based upon rescission by appellant of a contract for the purchase by him from appellee of a new airplane, because of his nonperformance, to recover a money judgment for the amount of the payment made on the purchase price at the time of the transaction, and the amount appellant claims appellee was to allow him and apply on the purchase price of the new machine as the trade-in value of a used airplane owned by appellant that appellee was to accept as his property.

The pleading of appellant is that: Appellee was engaged at Mitchell, Nebraska, in the general airplane business; conducting an airport; buying, selling, and trading new and used airplanes; and that he represented to appellant he was an authorized agent and distributor

of and for Luscombe Airplane Corporation of Dallas, Texas. Appellant owned a plane made by it and sold to him by appellee. The parties on May 6, 1946, made a contract by which appellee sold to and appellant purchased an 85 horsepower deluxe model, all metal, Luscombe airplane for delivery in October of 1946, for the purchase price of $2,995.00, to be paid by appellee buying the used plane owned by appellant for $2,500.00, its then fair and reasonable value, and appellant paying appellee the balance of $495.00. Appellant delivered his plane and paid $495.00 to appellee. He accepted, retained, used, and removed the plane from Nebraska. Appellant performed and complied with all the obligations of the contract required of him. Appellee was not able to and did not deliver or offer to deliver to appellant the new airplane and because thereof he elected to rescind the contract and gave notice of rescission to appellee. Appellant asked judgment for $2,500, the reasonable and agreed value of the used airplane, and $495.00 paid as the balance of the purchase price of the new machine, interest at legal rate from the date of the transaction, and costs.

Appellee admitted that on May 6, 1946, by verbal agreement he sold to and appellant purchased from appellee an 85 horsepower deluxe model, all metal, Luscombe airplane to be delivered to the purchaser when it was constructed and available, and appellant paid appellee $495.00 as a deposit of a part of the purchase price; that appellant elected to rescind the agreement, gave appellee notice thereof in the spring of 1947; and that he agreed to the rescission. Appellee obligated himself to assist appellant in selling his plane to enable him to pay the balance of the purchase price of the new plane. He denied he purchased or in any manner acquired the used plane of appellant, and asserted that he had at all times remained the owner and had and exercised the right of ownership and control thereof. Appellee asserted that before the case was commenced

he tendered and offered to return to appellant the down payment made by him of $495.00 on the purchase price of the new airplane; that he was able, ready, and willing to return it; and that he tendered it into court and renewed and continued the tender. The allegations of appellant not admitted were denied.

The reply was a denial of affirmative matters alleged in the answer.

The result of the second trial of the case was a verdict for appellant for $495.00 with interest thereon at 6 percent from the 6th day of May 1946. The motion of appellant for a new trial was denied. The motion of appellee to amend the verdict by eliminating therefrom the words "with interest thereon at six per cent from the 6th day of May, 1946" was sustained and judgment was rendered for appellant for $495.00 without interest, and all costs were taxed to him. This appeal is from that judgment.

Appellant contests the sufficiency of the evidence to sustain the verdict. The record shows that there was a contract between the parties for the sale by appellee and the purchase by appellant of a new 85 horsepower deluxe model, all metal, Luscombe airplane. An important issue of fact concerned the terms and conditions of the contract. The proof of appellant was to the effect that he purchased the machine to be delivered to him in October 1946, from appellee for the sum of $2,995.00; that he paid the purchase price by selling and delivering his used plane to appellee for the agreed sum of $2,500.00, and by paying him $495.00 in cash on the day of the transaction as the balance of the purchase price in full; and that the used plane was delivered to and accepted by appellee and he has since retained it and converted it to his use. The evidence of this version of the contract was substantial.

Appellee denied the terms and conditions of the contract as shown by the evidence in behalf of appellant and asserted that he agreed to sell to appellant the ma-

chine and deliver it to him when it was constructed and was available for a purchase price to be determined when the manufacturer fixed the selling price thereof; that it was a new model of machine not yet in production; that he required a deposit of a part of the purchase price and appellant paid on that account to appellee on the date of the contract $495.00; that he did not agree to purchase or accept the used plane of appellant as part payment of the new airplane, but appellee did agree to assist appellant to the extent he could in making a sale of the used airplane; and that appellee had no other obligation in reference to it. The record contains much corroboration of appellee.

There was a direct conflict of evidence on this issue. It was the province of the jury to resolve the question of fact as to the terms and conditions of the contract. It is not permissible for this court in reviewing the record in an action at law to resolve conflicts in or to weigh the evidence. It is presumed in such an action that all controverted facts are decided by the jury in favor of the successful party and the finding based on conflicting evidence will not be disturbed unless clearly wrong. Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913. The record prevents a determination that the verdict of the jury is clearly wrong.

The used Luscombe airplane owned by appellant was kept at the airport of appellee from the time it was purchased in January 1946 until it was taken to Denver March 6, 1947. It was registered and licensed in the name of appellant, and the title to it was shown in his name by the Civil Aeronautics Administration. It was never changed. There were negotiations with a Mr. Conley of Dateland, Arizona, for the sale to him of the plane. It was thought it could be sold to him for $1,950.00 if it were taken there. The parties considered the matter and appellant made a bill of sale to appellee to enable him to transfer the plane to Conley if he bought it. This was during December 1946, and Jan-

uary 1947. The prospective purchaser did not buy the machine and appellee returned the bill of sale to appellant. He accepted and retained it.. It was alleged in the amended petition that appellant had forgotten he had it at the time the case was commenced and that he "tenders into court said bill of sale for the use of the defendant."

The plane of appellant and a used plane of appellee were taken to Denver, Colorado, on March 6, 1947, and left at the airport of Mountain States Aviation, Inc. It was a used plane exchange, and it accepted used planes for sale. The pilot of the plane of appellant on the trip from the airfield of appellee to Denver was an employee of appellant. Appellant advanced money to his employee to make the trip. He left the plane at the Denver airfield. The plane was then in good condition. Appellee told the sales manager of the company that the plane was owned by appellant and he should be contacted for any authorization desired. He was wired an offer of purchase on May 17, 1947, by the Denver company. Appellant was afterwards in the place of business of the company in Denver. He elected to, and did rescind the contract to purchase a new plane because of failure of appellee to deliver it to him, and gave appellee notice in writing of the rescission on April 30, 1947, and demanded payment by him to appellant of $3,995.00, the amount he claimed as the purchase price of the new machine, and $1,000.00 as the value of his bargain.

Appellant stressed at the trial that appellee did not return or offer to return to him the used plane at the time or after the notice of rescission. He testified that the value of his plane was as much in April and May 1947, as it was May 6, 1946, but that he would not have accepted the return of it if appellee had brought it to him. He knew his plane was taken to Denver with his consent; that it was there when he rescinded the contract; that he had the title thereto; and that he could

have taken it at any time he desired.

Appellant based his case on rescission of the contract to purchase because of the failure of appellee to make delivery of the subject of it. He pleads rescission of the contract as part of his cause of action. Appellee accepted the rescission and characterizes the nature of the action in this court as "* * * a law action based upon rescission by plaintiff * * *" of whatever contract there was between the parties. The legal nature of the case has been conclusively determined by the parties.

Appellant does not in this action, based upon rescission by him of the contract, seek a recovery or return to him of his airplane, but asks judgment for $2,500.00, the amount he claims appellee agreed to pay him for it as a credit on the purchase price of the new airplane. He claims the right of partial rescission of a single indivisible contract and seeks to escape the burdens but to be awarded the benefits. The court may only consider the rules of law applicable to the kind of an action the parties have made.

Appellant upon failure of appellee to deliver him the new airplane had the right to affirm the continued existence of the contract and pursue an action for damages, or, at his election, to rescind the contract and demand that appellee place him in statu quo by restoring to him the $495.00 which he paid to appellee and the used airplane if, as he claims, it was delivered to the appellee in fulfillment and satisfaction of the obligations of the agreement on his part. The contract between the parties was not separable. He could not do both. The two remedies are inconsistent. An indivisible contract may not be rescinded in part and a part remain executed. If a single indivisible contract is rescinded at all it must be the entire contract, and the parties placed in the situation they were at the time the contract was made as nearly as the circumstances will permit. In Alfree Mfg. Co. v. Grape, 59 Neb. 777, 82 N. W. 11, it is said: "A contract can not be rescinded

in part and a part remain executed. If rescinded at all, it must be in toto, and the parties thereto placed in statu quo so far as the circumstances will permit." In Rasmussen v. Hungerford Potato Growers Assn., 111 Neb. 58, 195 N. W. 469, it is determined that: "The two remedies of damages and rescission are inconsistent, the former proceeding upon affirmance, and the latter upon disaffirmance, of the contract; * * *." See, also, Collison v. Ream, 95 Neb. 29, 144 N. W. 1050; McCaw v. Swallow, 112 Neb. 458, 199 N. W. 726; O'Keefe v. Routledge, 110 Mont. 138, 103 P. 2d 307, 148 A. L. R. 409.

Appellant rescinded the contract and the legal right he had thereafter, under the circumstances of this case, was to be placed, as nearly as the facts would permit, in the position he occupied before the contract, which he had repudiated, was made. A party who rescinds can generally recover nothing beyond restitution. He was not entitled to recover any profit of his bargain or to enforce any obligation depending for its existence upon any provision of the contract. To be entitled to do that he would have been compelled to affirm the existence of the contract. This he has barred himself from doing by his election to rescind and by prosecuting this case to judgment. The contract being rescinded, it is totally avoided and as nonexistent as if it had never been made. Alfree Mfg. Co. v. Grape, *supra;* Rasmussen v. Hungerford Potato Growers Assn., *supra;* Collison v. Ream, *supra;* McCaw v. Swallow, *supra;* Fagan v. Hook, on rehearing, 134 Iowa 390, 111 N. W. 981; O'Keefe v. Routledge, *supra;* 12 Am. Jur., Contracts, § 389, p. 966; § 439, p. 1019; 17 C. J. S., Contracts, § 440, p. 924. In Fagan v. Hook, *supra,* the court said: "In its very nature rescission implies the extinction of the contract, and, once accomplished, neither party can base any right of recovery upon it. Plaintiff's right to demand a return or re-delivery of the personal property is not because of the existence of any contract between them, but because there is none."

Appellant objects because the trial court found and determined that he was not entitled to interest on the amount stated in the verdict, because appellee before suit tendered $495.00 to appellant and kept the tender good, eliminated the interest, and entered judgment for the principal amount found by the jury, $495.00, without interest, and taxed all costs to him.

Appellee pleaded that before suit was brought he tendered and offered to return to appellant $495.00, the amount paid by him to appellee on the purchase price of the new airplane. The evidence does not sustain this. There was a conversation between the parties in which this subject was discussed in April of 1947, but the result was a postponement by suggestion of appellant and acquiescence therein by appellee, for a week or two because there was a prospect at Sidney, Nebraska, for the purchase of the plane of appellant. What was said and done on that occasion was nothing beyond a demonstration that appellee was willing to return the $495.00, but on the suggestion of appellant all things were left as they then were until the possibility of a sale of the used plane was further explored.

A tender of $495.00 was made in the answer of appellee. This was an admission by him of a liability to appellant for that amount, but it was not an offer by appellee to confess judgment for that or any amount as the statute permits and provides. In Portsmouth Savings Bank v. Yeiser, 81 Neb. 343, 116 N. W. 38, it is said: "They have conceded by pleading a tender that the amount tendered was due at the time it was made, * * *." Phoenix Ins. Co. v. Readinger, 28 Neb. 587, 44 N. W. 864, recognizes that a tender and an offer to confess judgment after suit commenced are two materially different things: "This is a tender and admits that the amount tendered is due the defendant in error. * * * The plea of tender is very different in its effect from an offer of the defendant to allow judgment to be taken against him for a specified sum. In the latter case it is

unnecessary to plead the amount tendered in the answer, nor need any mention be made of it therein." See, also, Murray v. Cunningham, 10 Neb. 167, 4 N. W. 953; Cobbey v. Knapp, 23 Neb. 579, 37 N. W. 485. It is mandatory that an offer to confess judgment should not be included in a pleading affecting the merits of a case and should not be disclosed in the evidence. § 25-906, R. R. S. 1943; Hammang v. Chicago & N. W. Ry. Co., 107 Neb. 684, 186 N. W. 991. On the other hand, a tender to be effective to permit a defendant to escape further interest and costs must be, when he is sued, not only pleaded by him but he must bring the amount into court so that it may be available for the use of the plaintiff. Portsmouth Savings Bank v. Yeiser, *supra;* Scheer v. Nelson, 113 Neb. 821, 205 N. W. 250. There was no compliance by appellee with any of the requirements of the statute providing for confession of judgment after the action was begun. § 25-906, R. R. S. 1943; Rose v. Peck, 18 Neb. 529, 26 N. W. 363; Murray v. Cunningham, *supra.*

The amount of the tender pleaded by appellee was $495.00, the exact amount appellant paid to appellee when the contract was made. The contract was rescinded by appellant on April 30, 1947. Appellee accepted the rescission and has relied on it in this litigation. He received and retained that amount by the action and with the consent and for the benefit of appellant until the contract was rescinded. He was not liable for interest on it before that date. § 45-107, R. S. 1943. It was his legal duty to surrender and return this amount to appellant commencing with the date of the rescission of the contract. He held it without the consent of appellant and without legal right thereafter, and was liable for interest thereon at legal rate. Appellee did not include in the amount of his tender interest on the $495.00 from April 30, 1947, the date of the rescission of the contract, to the date the tender was made, or the costs incurred by appellant to that date. A tender must include everything to which the other party is entitled

316

and a tender of any less sum is nugatory and ineffective. If a creditor has become entitled to costs by reason of commencement of an action, a tender not including all such costs is insufficient. In McEldon v. Patton, 4 Neb. (Unoff.) 259, 93 N. W. 938, this court said: "The plaintiff in an action already commenced is not compelled to receive a sum of money paid into court in satisfaction of his claim, unless the sum so paid is sufficient to include the costs to the time of payment." See, also, Colby v. Reed, 99 U. S. 560, 25 L. Ed. 484; Annotation, 5 A. L. R. 1228; 52 Am. Jur., Tender, § 22, p. 230. The district court was wrong in denying appellant interest on the $495.00 from April 30, 1947, and in taxing the costs of the case to him.

There are many errors assigned and discussed by appellant. It is not necessary or proper, because of the discussion of and conclusion reached in this case, to consider or determine any of these. It has often been determined that if the result of the trial in the district court is the only one that is permitted by the pleadings and evidence, the judgment will not be reversed for errors occurring at the trial. Holberg v. McDonald, 137 Neb. 405, 289 N. W. 542; Kuhns v. Live Stock Nat. Bank, 138 Neb. 797, 295 N. W. 818. This doctrine is an adaptation of the rule that on appeal an immaterial or harmless error of the trial court does not require or justify a reversal of the judgment. Long v. Guilliatt, 137 Neb. 199, 288 N. W. 689.

The judgment of the district court should be and is modified by eliminating from it the words "without interest" and by inserting in place thereof the words "with interest thereon at 6 percent per annum from April 30, 1947, to the date of the payment of the judgment," and by striking from it the provision that the "costs of the action be taxed to plaintiff" and by inserting in place thereof the words "all costs of the action in both courts should be and they are taxed to the defendant."

The judgment as modified should be and it is affirmed.

AFFIRMED AS MODIFIED.